The decrees appealed from must, therefore, be affirmed, with costs.

---

## BESLEY and FITCH vs. LAWRENCE and HASBROOK.

Where the principal debtor, in a note, assigned to his sureties upon such note a bond and mortgage, upon condition that they should pay such note, and on the same day assigned certain other property to trustees, in trust to sell the same and apply the proceeds to the payment of the note, and the residue, if any, to other creditors of the assignor named in the assignment, and a creditor's bill was afterwards filed against the assignor ; Held, that the complainants in the creditor's suit had no right to insist that the note should be paid out of the property assigned to the trustees ; so as to give the complainants the benefit of the proceeds of the bond and mortgage assigned to the sureties upon the note, and to the exclusion of the creditors who had a prior equitable claim to be paid out of the property assigned to the trustees, in case the note was paid by the sureties out of the proceeds of the bond and mortgage.

Held also, that as the owner of the note had two funds to which he could resort for the payment of his debt, and the other creditors provided for in the assignment to the trustees had the assigned fund alone to which they could resort, the owner of the note was in equity bound to resort to the bond and mortgage first, so as to give the other creditors provided for in the assignment in trust the benefit of the assigned fund ; the equity of the complainants in the creditor's bill, being subsequent to that of the creditors whose debts were provided for by the assignment.

THIS was an appeal, by G. Lawrence, one of the defendants, from a decree of the late vice chancellor of the seventh circuit. The complainants were judgment creditors of J. Hasbrook, and an execution upon their judgment having been returned unsatis-

fied, they filed an ordinary creditor's bill against him, before the vice chancellor of the seventh circuit, on the 15th of July, 1837, and the subpœna and injunction were served on the defendant in that suit on the 18th of the same month.   To that bill J. Hasbrook put in an answer, to which a replication was filed ; and proofs were taken in that cause.   The answer admitted the recovery of the judgment and the return of the execution unsatisfied, and that the judgment still remained in full force.   It also stated that the defendant in that suit, on the first of July, 1837, made an assignment to T. Wood and P. Hasbrook, of certain goods, chattels and other property, specified in a schedule annexed to such assignment, in trust to sell the same and apply the proceeds thereof, *first*, to the payment of a note of $700 to the Bank of Salina, signed by Jaquith & Case, as the sureties of the assignor ; *secondly*, to pay certain other debts, in the order specified in the assignment ; and *thirdly*, to pay the residue of the debts of the assignor ratably.   But whether the defendant in that suit had any property, equitable interests, or choses in action, at the time of the filing the bill in that cause, except his supposed contingent interest in the bond and mortgage hereafter mentioned, did not appear.   That suit was still pending and undetermined at the time of making the decree, in this cause, which was appealed from.

The bill in this cause was filed in February, 1838, against G. Lawrence, and against T. Wood and P. Hasbrook.   And after stating therein the filing of the creditor's bill against J. Hasbrook, and the putting in of his answer thereto, and the filing of a replication to such answer, the complainants in this suit stated the execution of the said assignment, and the terms thereof, and that the value of the assigned property was about $2000.   They also stated that the $700 note to the Bank of Salina was dated on the 6th of June, 1837, and was payable in ninety days from its date; that on the first of July, 1837, J. Hasbrook assigned to Jaquith & Case a bond and mortgage for $750, against E. C. Adams, upon condition that they should pay the $700 note to the bank ; that T. Wood and P. Hasbrook refused to pay the note out of the proceeds of the property

Besley *v.* Lawrence.

assigned to them, and requested the sureties in the note to pay the same, and to keep the bond and mortgage which had been assigned to them upon that condition; and that Jaquith & Case subsequently procured the note to be paid by the defendant G. Lawrence, and in consideration thereof, sold and assigned the bond and mortgage to him, to be collected at his own risk. But the complainants alleged that Lawrence, in making such purchase, acted as the agent of Wood, and took the assignment for his benefit, and to prevent them from obtaining such bond and mortgage, to be applied upon their judgment. This allegation in the bill, however, was fully denied by the answer of the appellant; who stated that he paid the note with his own funds, and took the assignment for himself, and without notice of the complainant's debt, or that they had filed a creditor's bill against J. Hasbrook. The complainants insisted, in their bill, that the $700 note should in equity have been paid out of the proceeds of the property assigned to Wood and P. Hasbrook, in order to give them the benefit of the bond and mortgage, under the creditor's bill. They therefore prayed that the defendant Lawrence might be decreed to transfer the bond and mortgage to a receiver, that they might have the benefit thereof towards satisfying their judgment; or that the defendants Wood and P. Hasbrook might be decreed to deliver to a receiver, for the complainants' benefit, an amount of the assigned property equal to the amount of the bond and mortgage, or for such other relief as they might be entitled to upon the case made by their bill. The cause was heard upon pleadings and proofs as to the defendants Lawrence and P. Hasbrook; Wood, the other defendant, having died before the hearing. The vice chancellor declared and decreed that the complainants were entitled, in equity, to the bond and mortgage; and that the defendants, or such of them as had the custody or control of the bond and mortgage, or of the proceeds thereof, should deliver over the same to the complainants or to their solicitor; or if the same were in the hands of the receiver appointed in this cause, that he deliver the same to the complainants or to their solicitor; to the end that the same might be applied to-

wards the payment of their judgment against J. Hasbrook; and that the defendants pay to the complainants their costs.

*G. Lawrence & S. Stevens,* for the appellants. The defendant Lawrence was a bona fide purchaser of the mortgage and bond from Jaquith & Case, without notice of the complainant's claim, or of the manner in which the bank note was secured by the assignment. He had a right to purchase the mortgage, and cannot be required to surrender it to a junior creditor, unless he is fully paid the amount of his advances. The complainants never offered to pay Lawrence the amount of his advances, nor did they require him to give up the mortgage upon any such condition. Jaquith & Case were not compelled to resort to the assignment, nor is Lawrence. Lawrence states in his answer, that he offered, before the filing of their bill, to assign to the complainants the bond and mortgage, on receiving the amount of his advances. This allegation is responsive to the bill. (*Woodcock* v. *Bennett,* 1 *Cowen,* 711.) Neither Lawrence nor Jaquith & Case would be bound to resort to the assignment for the satisfaction of their debt, unless it clearly appeared that they could have rendered it as immediately available to discharge their liability as the bond and mortgage. The rule that a creditor is compelled to resort to a security upon which a junior creditor has no lien, only applies to cases where such resort will not in any degree prejudice or injure such senior creditor. Where there are two creditors, one of whom can obtain satisfaction only from the visible property of the debtor, and the other can subject to the payment of his debt not only that but a special fund created for his indemnity; although a court of equity will compel the latter to resort to the special fund, or will subrogate the former to his right to the fund, yet the former creditor must require the latter to resort to the special fund, before he has received satisfaction from the visible property. If he waits, he has no equity against a third creditor who obtains an assignment of the special fund. Where a creditor has a lien upon two funds for the payment of his debt, chancery will not compel him first to exhaust the fund which a junior creditor cannot reach, if the senior creditor will

Besley v. Lawrence.

thereby be injured, or if he offers to substitute the junior creditor in his place, on being paid the amount of his debt. (1 *Paige*, 185.) The mortgage was assigned to Jaquith & Case, before the complainants filed their creditor's bill against Joseph Hasbrook; the complainants, therefore, obtained no lien upon the mortgage itself, but only upon the equity of redemption of the mortgage, and that liable to be defeated on a failure of J. Hasbrook to pay the $700 note, which would vest the title of the mortgage absolutely in Jaquith & Case. (8 *John. Rep.* 96. 7 *Cowen*, 290.)

*B. Davis Noxon*, for the respondents. Jaquith & Case having two funds for their security, as signers of the $700 note, to wit, the assignment to Wood and Hasbrook, and the assignment of the bond and mortgage against Adams; and the complainants having a lien on only one of these funds, to wit, the bond and mortgage; the court would have compelled Jaquith & Case, had they continued the owners of the bond and mortgage and liable on the note, to obtain their relief from that fund or security which the complainants could not touch, to wit, the assignment of the goods to Wood and Hasbrook, in order to give to the complainants the benefit of the bond and mortgage. (1 *Story's Eq.* 527, 528, 530, 1. *Cheesborough* v. *Millard*, 1 *John. Ch.* 12, 409. *Hopk. Ch. Rep.* 460, 468. *Evertson* v. *Booth*, 19 *John. Rep.* 486, 492. 1 *Story's Eq.* 588, 9, 590, 1.) The assignment of the bond and mortgage by J. Hasbrook, to Jaquith & Case, was a mere mortgage of such bond and mortgage, for the security of Jaquith & Case. (*Brockway* v. *Wells*, 1 *Paige*, 617.) The defendant Lawrence did not acquire and could not acquire any greater right or interest in the bond and mortgage, by the assignment to him, than Jaquith & Case had; and Lawrence is subject to the same equities existing in behalf of the complainants that Jaquith & Case would be, had they never assigned the bond and mortgage. (2 *Paige*, 206. *Pendleton* v. *Fay*, 1 *Id*. 131, 6, 7.) Lawrence took the assignment of the bond and mortgage with notice of the complainants' claim, and in fraud of their equitable and just rights. (2 *Paige*, 205.) If the complainants are not entitled to the bond and mortgage, they are entitled to

the amount secured by such bond and mortgage, and interest, out of the avails of the property assigned to Wood and P. Hasbrook, and to call $485 and interest, part of such avails, from the hands of Lawrence, and the balance from J. Hasbrook. (1 *Story's Eq.* 546.) Lawrence purchased, or pretended to purchase, the bond and mortgage pendente lite; and although it may have been for a valuable consideration, he is affected in the same manner, and to the same extent, as though he had had actual notice of the complainants' bill and claim against J. Hasbrook. (1 *Story's Eq.* 393, 4, *and authorities there cited. Muncey* v. *Ballou,* 1 *John. Ch.* 566. 1 *Story's Eq.* 150.)

THE CHANCELLOR. Even if the complainants were right in supposing that they were entitled to have the $700 note, to the Bank of Salina, paid out of the proceeds of the property assigned to Wood and P. Hasbrook, so as to give them the benefit of the Adams bond and mortgage under the creditor's bill, they were not entitled to any relief upon this original bill, to which their judgment debtor is not a party. If a decree had been obtained against J. Hasbrook in the creditor's suit, an original bill, in the nature of a supplemental bill, might perhaps have been filed, setting forth such decree, without stating all the proceedings in the creditor's suit at length. But as no decree had been obtained establishing any right in the complainants as against the defendant in that suit, a simple supplemental bill, original only as to these new parties, would have been the proper proceeding to bring this new claim before the court. And if the merits of the case were with the complainants, I should be compelled to reverse this decree, and to dismiss their bill; but without prejudice to their right to file a supplemental bill in the creditor's suit.

Upon a careful examination of the facts, however, I am satisfied that the vice chancellor erred in supposing that these complainants had an equitable right to have the $700 note, to the bank, paid out of the proceeds of the property assigned to Wood and P. Hasbrook for the benefit of the creditors of the assignor. The complainants' bill was filed more than a fortnight after J. Hasbrook had made the conditional assignment of the bond and

mortgage, to pay the $700 note, as well as the provision for it, as a preferred debt, in the assignment to Wood and P. Hasbrook for the benefit of all the creditors of the assignor. To understand, therefore, what were the rights of these complainants, which they acquired by the filing of that creditor's bill, it is necessary to see what were the equitable rights of the creditors, whose debts were provided for in the assignment subsequent to the bank debt, as between them and J. Hasbrook.

The assignment of the bond and mortgage to Jaquith & Case, although it was in form a sale of the bond and mortgage to them, upon condition that they should pay the note of $700 which they had signed as sureties for J. Hasbrook, was in effect a security to them; as no time was specified within which they should comply with the condition of the assignment, so as to give them an absolute title to the bond and mortgage. And as the assignment of the goods, &c. to Wood and P. Hasbrook, which was executed the same day, gave Jaquith & Case a right to priority of payment out of the assigned property, they had in fact two funds to which they could resort, for payment of the note to the bank, to indemnify themselves as sureties. The rule that where one creditor has two funds of his debtor to which he can resort for payment, and another creditor has a specific or general lien upon one of those funds only for the payment of his debt, equity will compel the first creditor to resort to that fund to which the lien of the other does not extend, is unquestionably applicable to this case. But the equity of the creditors who are provided for in the assignment to Wood and Hasbrook, subsequent to the provision for the indemnity of Jaquith & Case by the priority which is given to the holders of the $700 note, is entitled to a preference, in point of time, to the equity of these complainants; whose equity arose, from the filing of their creditor's bill, fifteen days after the assignment. Previous to the filing of the creditor's bill against J. Hasbrook, if he had attempted to throw the payment of the $700 note upon the fund which had been assigned for the benefit of creditors, giving certain preferences, so as to get back his bond and mortgage, which had been assigned on the first of July to secure the payment of the same note, I think a

court of equity ought to have compelled Jaquith & Case to re-
sort to the bond and mortgage in the first place; so as to relieve
the fund which had been assigned for the benefit of other cred-
itors, from this charge thereon.   Or if that fund was applied to
the payment of the note, the other creditors, whose debts were first
provided for in the assignment for their benefit, would, in equity,
have been entitled to be subrogated to the rights of Jaquith &
Case, as the assignees of the bond and mortgage.  I think Wood and
Hasbrook acted properly, in reference to the equitable rights of
the other creditors provided for in the assignment to them, who
were subsequent to the holders of the $700 note, in refusing to
pay that note out of the proceeds of the assigned property, and to
throw the charge of that note upon the bond and mortgage, if
possible.   These complainants, therefore, who stood in the situ-
ation of having an equity subsequent in point of time, could not
be defrauded by having the prior equity, in favor of the other
creditors, worked out by the arrangement by which the bond
and mortgage were applied to the payment of the $700 note; as
J. Hasbrook intended it should be at the time he assigned it to
Jaquith & Case.

By the terms of that assignment, the absolute title of the bond
and mortgage was vested in the assignees, in case they paid the
note which they had signed as sureties.   And when they sub-
sequently caused the debt to be paid to the bank, by the arrange-
ment which they made with Lawrence, they performed the
condition upon which the bond and mortgage were assigned to
them.   They therefore had both the legal and equitable right to
assign and transfer the bond and mortgage to Lawrence, abso-
lutely and unconditionally.  And these complainants are not in
a situation to inquire whether Wood and Hasbrook, the assignees,
have or have not applied the assigned property to the payment
of the other preferred debts, in the manner or in the order spe-
cified in the assignment.   The amount of such preferred debts,
exclusive of the $700 note to the Bank of Salina which was
paid by the sale of the mortgage, exceeds the whole proceeds of
the assigned property.   Those preferred creditors, therefore, are
alone entitled to call the assignees to account for the disposition

King v. Wilcox.

of the assigned fund, or to inquire whether Lawrence may not have obtained, from one of the assignees, portions of the assigned fund which such preferred creditors were entitled to receive.

The decree of the vice chancellor was therefore erroneous, and must be reversed, so far as it affects the rights or interests of the appellant Lawrence; and the bill, as to him, must be dismissed with costs. The proceedings must also be remitted to the vice chancellor, so that the proper directions may be given for the discharge of the receiver, and the settlement of his accounts, if he has received the bond and mortgage, or the proceeds of the same.