## CHILDS vs. CLARK & COUCH.

An assignment by the lessor, of the rent of leasehold premises, creates such a privity of estate between the assignee and the lessee, that the former may maintain a suit in his own name for the rent which accrues and becomes payable, while such privity of estate exists.

Where a deed of premises is given, subject to a lease thereof for a term of years, previously given by the grantor, and subject to the rights of a person to whom the lessor has assigned his interest in the rents reserved in and by such lease, for a portion of the term—the rights of such assignee appearing upon the face of the deed—such deed is constructive notice to the purchaser of the premises, and also to his assigns, of the rights of the assignee of the rent for such portion of the term; although the assignment of the rent has not been recorded.

And the grantees of such purchaser will take their several interests in the premises as assignees, in law, of the lessee, during that portion of the term; and subject to the rights of the assignee of that portion of the rent; and subject to the payment of the rent, or of their respective portions thereof, which accrues or becomes payable during the times they hold and enjoy the premises as such assignees.

If the conveyance to each purchaser, of a portion of the premises, was for the whole term, the right of action against them, for rent, exists, as to a portion of the rent at least, although some of them are only assignees of undivided interests in the premises.

The privity of estate exists between the landlord and the assignee of the lessee, pro tanto, where the lessee only assigns a part of the premises, if such assignment is of his whole interest and estate in that part of the premises.

The distinction between an assignment and an under tenancy depends solely upon the quantity of interest which passes by the assignment, and not upon the extent of the premises transferred thereby.

The assignee of a lease is only liable, as such assignee, for the rent which accrued or became payable, or for other covenants broken, while he was such assignee. And he may discharge himself from all further liability, by assigning his interest in the premises to a stranger, even if the assignee is a beggar; provided he actually relinquishes the possession of the premises, and all interest therein, so that the assignment is not merely colorable, or fraudulent.

There being no privity of contract between the lessor and the assignee of the lease, the latter is personally liable only in respect to his privity of estate in the land, or in respect to covenants running with the land, for the rent which accrued and became payable after such privity of estate commenced, and before it terminated; or while he enjoyed, or had the right to enjoy, the premises or some part thereof, as an assignee of the lease.

A mere mortgagee of the term, who has not entered under his mortgage, is not personally liable, as an assignee of the interest of the lessee in the premises.

Whether the assignees of the lessee's interest in undivided portions of the leasehold premises should be sued jointly for the whole rent, or separately for their respective portions thereof? Quære.

Childs v. Clark.

Whether the assignee of a part only of the leasehold premises, but of the whole of the lessee's interest in that part, is liable in law for the whole rent, or for the whole damage for the breach of any of the covenants in the lease which extend to the whole premises? *Quære.*

THIS was an appeal from a decretal order of the vice chancellor of the eighth circuit, overruling the several demurrers of the appellants to the complainant's bill. The facts of the case, as stated in the bill, were substantially as follows:

On the first of November, 1831, Oshea Wilder and his wife held certain lands in the county of Monroe, in trust for the benefit of Mrs. Wilder, and their children, under the will of S. Shaw, deceased; but the nature of the trust, the powers of the trustees, and the time when the trust was created, or when it was to determine, were not stated in the bill. On the day before mentioned, however, Wilder and wife, as such trustees, leased those lands to E. Griffin, for the term of twenty years, from the first of April, 1832, at the yearly rent of $250, payable semi-annually in advance, to the lessors, their heirs and assigns. This lease was duly acknowledged and recorded in May, 1836. Prior to the first of April, 1833, the lessors assigned to the complainant the rents which should accrue, and all their claim to any benefit under the lease, for seven years, commencing on the last mentioned day; which assignment the bill stated to have been lost. In March, 1836, a law was passed authorizing Wilder and wife to sell and convey the premises, as their own property, and to invest the proceeds thereof in lands in Michigan, upon the same trusts. Under this statute, in July, 1836, Wilder and wife sold and conveyed the premises described in the lease, to W. W. Campbell; excepting from the operation of that conveyance the interest which Griffin had acquired under the lease to him, and also all the estate and interest which T. Childs, the complainant, had acquired by the assignment of the rent to him for seven years from the first of April, 1833. On the first of November. 1836, Campbell conveyed one undivided half of the premises to J. Cleveland; and on the same day Campbell and Cleveland conveyed an undivided quarter thereof to E. Meade, and another undivided quarter to W.

Couch, one of the defendants in this cause. On the first of May, 1837, Cleveland mortgaged his undivided one fourth of the premises to Couch, to secure the payment of $4000; and on the 18th of the same month Campbell conveyed his undivided fourth thereof to Cleveland. In November, 1838, Couch conveyed his undivided fourth of the premises to Campbell, and took back a mortgage thereon to secure the payment of $3420. All of these deeds, assignments, and mortgages, except the assignment to the complainant for the seven years' rent, were duly recorded. And in June, 1839, Campbell, Cleveland and Meade, conveyed all their interests in the premises to G. R. Clark, one of the defendants in this cause. At the time of this last conveyance, the rent, which became payable in advance on the first days of April and November, 1839, was unpaid, and remained due at the time of the filing of the bill in this cause. And the half year's rent, which became due on the first of November, after that conveyance, also remained due and unpaid. At the time of the filing of the complainant's bill, Griffin, the original lessee, was insolvent, and Campbell had also become insolvent, and had been discharged from his debts under the bankrupt act of 1841. But no reason was stated for not making Cleveland and Meade, who were the assignees or grantees, under Campbell, of undivided portions of the premises at the time when a part of the rent assigned to the complainant accrued, parties to this suit.

The defendants put in their several demurrers to the bill, for want of equity; for multifariousness; and for want of parties, because Cleveland and Meade, and Campbell, or his assignee in bankruptcy, were not made defendants.

The vice chancellor, though with considerable hesitation, arrived at the conclusion that the complainant had an equitable lien upon the land for the two years' rent which was still due to him, and that Clark, the then owner of the land, and Couch, who held the mortgages upon two undivided fourths of the land, were properly joined as defendants, and were the only necessary parties. He therefore overruled the demurrers, and directed the defendants to answer the bill within thirty days.

Childs *v.* Clark.

The following opinion was delivered by the vice chancellor:

F. WHITTLESEY, V. C.   This case is not without its embarrassments, as to the legal questions presented.   The complainant, by his assignment from Wilder and wife, acquired no estate in the premises, or interest in the reversion, but merely an assignment of the rents, for a certain time which had not yet accrued.   As the lease itself was not assigned, it would seem that the complainant would have had no right to distrain in his own name.   (*Slocum v. Clark*, 2 *Hill*, 475.)   It would appear, however, that he might sue in his own name, as the rent assigned was not then due ; and that he could thus sue either the lessee or his assignee in possession—the covenant to pay rent running with the land.   (*Demarest v. Willard*, 8 *Cowen*, 206. *Willard v. Tillman*, 2 *Hill*, 274.)   He could not, however, sue a mortgagee not in possession.   (*Astor v. Miller*, 2 *Paige*, 68 ; *S. C. in error*, 5 *Wend*. 603.   *Walton v. Cronly's adm'r*, 14 *Id*. 63.)

Campbell, when he took the assignment of the lease from Griffin, became an assignee liable to pay rent to the complainant.   The case states that he had notice of the complainant's rights ; and the assignment to him is expressly to hold under the yearly rents and covenants in the lease mentioned.   He was, therefore, not only liable to pay the rent, but liable to pay it to the complainant, by virtue of his knowledge of the assignment to the complainant.   When Wilder and wife conveyed to Campbell, such conveyance being of the reversion, would have entitled the grantee to receive the accruing rents upon the outstanding lease.   But this very conveyance informed him that the complainant had a right to receive such rents for a part of the time—and the object of this exception, so far as the complainant is concerned, probably was to secure his right to receive the rents for the period mentioned, and to inform the grantee that the complainant was so entitled to receive them to his exclusion as grantee of the reversion.

Rent is an ordinary incident to the reversion, but it may be separated from the reversion—and this instrument may perhaps

be considered as making such a separation. But in this case, the grantee of the reversion was also the owner of the term—a fact which, from the tenor of the deed, I should infer that the grantor did not know. No one can be both landlord and ten-- ant of the same premises in the same right, though, possibly, Campbell, while he remained in possession, might be considered as tenant of the complainant because of the lease which he took by assignment from Griffin, and because of the recognition of the complainant's right contained in the grant of the reversion. It is doubtful, however, whether the complainant could have sued Campbell for rent after the latter had received the deed of the reversion. If he could, it would be because he was as- signee of the lessee, and because the rent had, in a certain sense, been separated from the reversion. If Campbell was liable to be sued for rent as assignee of the lessee, the grantees from Campbell did not, by reason of such grants, become assignees. The merger of the term in the reversion would, I think, then be complete upon the grants from Campbell, if not before, and the effect of such merger would be to impair, and indeed destroy, the right of the complainant to collect the rent due to him from the land, or any occupant of the land. ( *Webb* v. *Russell*, 3 *T. R.* 393.) In such an aspect of the case, Campbell would have done an act to destroy the complainant's rights, with full knowledge of those rights. He would by his own acts have brought about a merger, cutting off the complainant from a remedy, and which the latter could not prevent. He took the grant of the reversion subject to the rights of the com-. plainant. Those rights were to collect the rent from the land, the lessee and his assignee. They were in a certain sense chargeable upon the land, and as the means of enforcing them, as assignee of the rent, has been taken away or rendered very doubtful by Campbell, the charge should be continued upon the land, and the title go to Campbell and pass to his grantees with this burden. I am not free from doubts as to this conclusion ; but it seems to me to be one which meets the equity and sub stantial justice of the case as it is now presented. I can pei ceive no ground for objection that the bill is multifarious, or for

Childs *v.* Clark.

a want of parties. If the bill is merely to enforce a lien, all the necessary parties are before the court.

The demurrers are overruled with costs, with liberty to the defendants to answer in thirty days, or in default, that the bill be taken as confessed.

*D. Cady*, for the appellants. The case made in the complainant's bill does not entitle him to any relief against the defendants. There is no privity of estate or contract between him and them. The rents which accrued in 1838 and in 1839 are not a lien on the land; and if not, the defendants are improperly joined in the cause. If the complainant has a remedy against the persons who had possession of the premises in the years 1838 and 1839, his remedy is not against them jointly, but against each, for the proportion of the rent which accrued on the part of the premises possessed by each. The defendant, George R. Clark, had no interest in or to the premises on the 1st of April, 1838, or on the 1st of April, 1839, when the rent of those years became due: and Couch, the other defendant, was, on the 1st of April, 1838, the owner of only one-fourth of the premises; and on the 1st of April, 1839, he owned no part of the premises, but was a mortgagee of one-fourth.

*F. M. Haight*, for the respondent. By the assignment from Griffin, and the deed from Wilder and wife, Campbell took the estate charged with the payment of the rent due to the complainant. The conveyance by Wilder and wife to Campbell extinguished the covenants in the lease, and left to the complainant an equitable lien for the amount due him. The defendants took the estate with full notice of the claim of the complainant, and must hold in subordination to it. The complainant, as assignee, is entitled to come into a court of equity; his remedy at law in the name of his assignor having been taken away, or rendered doubtful, by the conveyances between the parties.

Childs v. Clark.

THE CHANCELLOR. At the time of the conveyance of the premises, from the lessors, to Campbell, in July, 1836, the complainant was not only the assignee of the rent for seven years from the first of April, 1833, but of all the right and claim of the lessors to any benefit under the lease for the same period of time. It was therefore an assignment of an interest in the land itself as well as in the rent, so far as an interest in the land was necessary to give the assignee all the rights of the original lessors for the recovery of the rent, either by action or distress. And it is settled, both in this state and in England, that an assignment creates such a privity of estate between the assignee and the lessee that the former may maintain a suit in his own name for the rent which accrues and becomes payable while such privity of estate exists. (*Ards* v. *Watkins*, *Cro. Eliz.* 637, 651. *Coke Litt.* 215, *a*. *Allen* v. *Bryan*, 5 *Barn. & Cress. Rep.* 512. *Demarest* v. *Willard*, 8 *Cowen's Rep.* 206. *Littlewood* v. *Jackson, Idem*, 211. *Willard* v. *Tillman*, 2 *Hill's Rep.* 274.) And the complainant, previous to the deed of July, 1836, would have had the same right to bring an action, in his own name, against Campbell as the assignee of Griffin the lessee, for the rent which became payable on the first of April, 1836, after Campbell became such assignee. (*Newcomb* v. *Harvey, Carth.* 161. *Addison's Law of Cont.* 300. *Gilb. on Rents*, 174.)

Nor was that part of the term out of which the complainant's rent and interest in the land, under the lease and the assignment for the security and recovery of that rent, merged in the fee of the land which was conveyed to Campbell by the deed of the original lessors. For the grantee in that deed had actual notice of the assignment to the complainant; which of itself would have been sufficient, in equity, to prevent a merger of the term during the seven years. But, in addition to this, the right of the complainant, as assignee for the seven years, was expressly excepted and reserved in the deed from the lessors to Campbell. The rights of landlord and tenant did not unite in the same person, therefore, during the residue of the seven years which was then unexpired ; so that there was no merger even

Childs *v.* Clark.

at law. And the right of the complainant to institute an action at law against Campbell, as the assignee of Griffin the lessee, continued the same as it was before the deed of July, 1836, while Campbell continued to possess and enjoy the term under the previous assignment from Griffin.

The rights of the complainant, as the assignee of the interest of the original lessors in the rent of the premises for the seven years, appearing upon the face of the deed to Campbell, under and through which Cleveland, Meade, Couch, and Clark derived their title to the premises, as assignees of the rent and reversion after the seven years, such deed was constructive notice to them of the right of the complainant; although his assignment had not been recorded. They therefore took their several interests in the premises as assignees, in law, of the lessee, during the continuance of the seven years, and subject to the right of the complainant, as assignee of the rent; in the same manner as Campbell held the same previous to his conveyances respectively. They then took those interests subject to the payment of the rent, or of their respective portions thereof, which accrued or became payable during the times they held and enjoyed the premises as such assignees. And as the conveyance to each was for the whole term, in a part of the premises, the right of action against them as assignees existed, as to a portion of the rent at least, although some of them were only assignees of undivided interests in the premises. For the privity of estate exists between the landlord and the assignee of the lessee, pro tanto, where the lessee only assigns a part of the premises, if the assignment is of his whole interest and estate in that part; the distinction between an assignment and an under tenancy, depending solely upon the quantity of interest which passes by the assignment, and not upon the extent of the premises transferred thereby.(a) (*Finl. Land. & Ten.* 294. *Conan* v. *Kemise, W. Jones' Rep.* 245. *Stevenson* v. *Lambard,* 2 *East's Rep.* 580. *Brown* v. *Hore, Cro. Eliz.* 633.) Whether a joint action should be brought against all who were charge

(a) See *Van Rensselaer* v. *Jones,* (2 *Barb. Sup. Court Rep.* 643.)

Childs v. Clark.

able as tenants in common for the rent which accrued while they were assignees of undivided interests in the premises, it is not necessary to decide at this time. In *Merceron v. Dowson*, (5 *Barn. & Cress.* 479,) in an action against an assignee of the lessee, for a breach of a covenant to repair, the court of king's bench held that the defendant could not plead in bar of the action that he was only assignee of an undivided interest in the premises. But there were doubts expressed by the judges as to the right of the plaintiff to sue one assignee of an undivided portion of the premises alone, and to charge him separately for the whole repairs. And they appear to have been of opinion that the defendant might have pleaded in abatement that he was only a tenant in common with others, as an assignee of an undivided interest in the premises. In the subsequent case of *Curtis v. Spitty*, (1 *Hodges' Rep.* 153,) in the court of common pleas in England, the assignee of the entire interest of the lessee in a separate parcel of the demised premises, was sued in an action of debt for the whole rent reserved in the lease. And Chief Justice Tindal said it was a very nice and difficult question, not settled by any decision to be found in the books, whether there existed a privity of estate as to the whole land embraced in the lease, by an assignment of part only, so as to authorize the landlord to charge the assignee of that part, *in an action of debt*, with the rent of the whole land embraced in the original lease. That case however was disposed of upon a question of variance in the pleadings ; so that the question as to the liability of the assignee for the whole rent, either in that form of action or in an action of covenant upon the lease, was not disposed of by the court.

It is perfectly well settled, however, that the assignee of a lease is only liable as such assignee for the rent which accrued or became payable, or for other covenants broken, while he was such assignee ; and that he may discharge himself from all further liability by assigning his interest in the premises to a stranger, even if the assignee is a beggar ; provided he actually relinquishes the possession of the premises and all interest therein, so that the assignment is not merely colorable or fraud-

Childs v. Clark.

ulent.  For as there is no privity of contract between the lessor and the assignee of the lease, the latter is personally liable only in respect to his privity of estate in the land, or in respect to covenants running with the land, for the rent which accrued and became payable after such privity of estate commenced, and before it terminated; that is, while he enjoyed, or had the right to enjoy, the premises, or some part thereof, as an assignee of the lease. (*Armstrong* v. *Wheeler*, 9 *Cowen's Rep.* 88.  *Tovey* v. *Pitcher*, *Carth. Rep.* 177.  *Lekeux* v. *Nash*, 2 *Stran. Rep.* 1221.  *Taylor* v. *Shum*, 1 *Bos. & Pul.* 21.)  It is also the settled law of this state, that a mere mortgagee of a term, who has not entered under his mortgage, is not personally liable as an assignee of the interest of the lessee in the premises. (*Astor* v. *Miller*, 2 *Paige's Rep.* 68; 5 *Wend. Rep.* 603, *S. C. on appeal.*)

It is evident, therefore, that the defendant Clark is not personally liable for any rent which accrued and became payable previous to the conveyance to him, in June, 1839.  And Couch is not liable, as assignee, for any rent which accrued and became payable after his conveyance to Campbell, in November, 1838.  Clark. however, is personally liable to the complainant, either at law or in equity, as the assignee of the whole interest of the lessee, for all of the half year's arrears of rent which became due and payable in November, 1839; which was the only rent that became payable subsequent to the time when he became assignee.  And Couch is liable to the complainant for a part, at least, of the two payments which became due on the first of April and on the first of November, 1839; while he was the assignee or owner of one-fourth of the premises.  Cleveland and Meade are also liable for a portion, at least, of the three semi-annual payments which became due previous to their conveyance to Clark.  And I think the complainant had a perfect remedy at law for the recovery of the several amounts for which the defendants in this suit, and Cleveland and Meade, were thus liable, if he could have proved the execution of the last assignment.

But even if the remedy at law was so doubtful or difficult as

Childs *v.* Clark.

to authorize the complainant to come into this court for relief, the objection that this bill is multifarious is well taken. For Clark has no interest in, or connection with the part of the rent for which Couch is liable. Nor has the latter any interest in, or connection with, the rent which accrued and became payable after the conveyances of the premises to Clark. The vice chancellor appears to suppose the complainant has an equitable lien upon the *land* in the hands of Clark, for the whole rent which is unpaid. If that was so, Couch, as the mortgagee of two undivided fourth parts of the premises upon which that lien existed, would be a proper party to a bill to subject the land, or the future income thereof, to the payment of the rent. It must be recollected, however, that the whole of the term of seven years, out of and during the continuance of which the complainant's rent was to arise, had expired several years before the filing of the bill in this cause. The only interest which either of these defendants had in the premises, at that time was, in the freehold estate, which had been acquired from the original lessor, under the deed of July, 1836. And the residue of the term originally granted to Griffin, in which the complainant never had any interest under the assignment from the lessors, was actually merged, both at law and in equity, in the absolute fee, which after the expiration of the seven years was vested in the same persons and in the same rights.

The order appealed from must, therefore, be reversed without costs to either party. And the demurrers must be allowed and the bill dismissed with costs; but without prejudice to the rights of the complainant at law, or to proceed by several suits in equity if it shall be deemed proper to institute such suits. As the defendants both appeared by the same solicitor. and their demurrers to the bill are the same in substance, only one bill of costs is to be allowed.