## CAMPBELL *v.* VEDDER.

### December, 1866.

A purchaser or mortgagee of land cannot avoid a prior recorded mortgage, on the ground that an assignment of such mortgage was unrecorded.[*]

The words " subsequent purchaser," in the provision of 1 *R. S.* 756, § 1, —making unrecorded conveyances void as against subsequent purchasers, &c.,—mean a purchaser of the estate embraced in the unrecorded conveyance, or of some interest therein.

*It seems,* that a statement in a recorded deed, that it is made subject to a mortgage held by a third person, is constructive notice to all claiming under such deed, of the rights of the holder of the mortgage.

A conveyance of the equity of redemption in land, to the mortgagee thereof, after he has transferred the mortgage held by him to a third person, as collateral security for payment of a debt, does not merge the mortgage.[†]

---

[*] See also Purdy *v.* Huntington, 42 *N. Y.* 334; reversing 46 *Barb.* 389; Belden *v.* Meeker, 2 *Lans.* 470; Gillig *v.* Maas, 29 *N. Y.* 191.

[†] See Kellogg *v.* Ames, 41 *N. Y.* 259; reversing 41 *Barb.* 218; and cases cited.

Campbell *v.* Vedder.

Where a payment is made, even by judgment of the court, without directing its application as between several securities, the court, in subsequently determining the application, should do so upon equitable principles, and is not bound to apply the payment to the elder security.

Daniel D. Campbell brought this action against Edwin Vedder and others, in the supreme court, to foreclose two mortgages made by Edwin Vedder, and claimed by plaintiff as assignee, under a recorded assignment. One of these mortgages was also claimed by the executors of one Quackenbush, as assignee, under a prior, but unrecorded assignment from the same mortgagee, under whom plaintiff claimed. Both of these were junior mortgages.

The instruments involved in this controversy were as follows:

*First mortgage.*—James Vedder mortgaged the land to one Fuller, in 1828. The mortgage was recorded; and, in 1846, Fuller assigned it to Quackenbush, whose executors, Plank and Schermerhorn, represented him in this action. This assignment was also recorded.

There was no question about the validity or effect of this mortgage. It was on the foreclosure of this mortgage that the surplus arose which was in controversy in this action.

. Subject to the above mortgage, James Vedder conveyed the land to Edwin Vedder, in January, 1843.

*Second mortgage.*—Edwin Vedder mortgaged the land to Isaac Vedder, in October, 1843, for nine hundred and eight dollars and eighteen cents. This mortgage was duly recorded.

*The first assignment* of this mortgage was made by Isaac Vedder, in January, 1845, when he assigned it to said Quackenbush as collateral security for a loan. This assignment was not recorded; and the omission to record it raised the question in this case whether the junior mortgages thereby gained priority over it.

*Third mortgage.*—Edwin Vedder a second time mortgaged the land to Isaac Vedder, in July, 1846, for nine hundred dollars. This mortgage was duly recorded.

Isaac Vedder, notwithstanding he had already assigned the mortgage for nine hundred and eight dollars (the second mortgage above mentioned) to Quackenbush, assigned both that and

the third mortgage above mentioned, to one Groot, in August, 1849. This *second assignment* was made as collateral security for the payment of a note, and it was duly recorded. Groot, in 1853, assigned the same mortgages (the second and third above mentioned), with said note, to Campbell, the plaintiff in this action, as collateral security for the payment of the same note. This assignment was also recorded.

In May, 1852, and after Isaac Vedder had assigned the mortgages, Edwin Vedder conveyed to him the mortgaged premises, stating in the deed that the conveyance was subject to the three mortgages above mentioned, and that the first of them was held by the executors of Quackenbush, and the second by *Groot*.

Isaac Vedder afterward conveyed the premises to one Bradt, stating in the deed that the conveyance was subject to the three above mentioned mortgages, but stating that the second mortgage was held by the heirs of *Quackenbush*. These two deeds were duly recorded.

*Fourth mortgage.*—Bradt gave back a purchase money mortgage to Isaac Vedder, on receiving the last mentioned deed.

Lastly, Isaac Vedder assigned this purchase money mortgage to Van Vranken, one of the present defendants; and this assignment was duly recorded.

The executors of Quackenbush foreclosed the first mortgage, and upon the sale there was a surplus of two thousand nine hundred and thirteen dollars and ninety-one cents, after paying the first mortgage and costs.

The executors of Quackenbush claimed payment of the second mortgage above mentioned out of this surplus; Campbell, the assignee of the second and third mortgages as collateral security, claimed payment of his debt out of it; and Van Vranken, the assignee of the fourth mortgage, also claimed payment out of it.

At the same time that they commenced the foreclosure of the first mortgage, the executors of Quackenbush took like proceedings to foreclose the second mortgage, which they claimed to hold under the first assignment thereof.

Campbell, who claimed the same mortgage under the second assignment, accordingly brought this action in the supreme

court, to foreclose the second and third mortgages. He joined as defendants, Edwin Vedder and John Bradt, and their repective wives, and Plank and Schermerhorn, the executors. He also joined Isaac Vedder and William Van Vranken, and some others not necessary to mention, under the usual allegation that they had some claim or interest subsequent to plaintiff's lien. He alleged that Edwin Vedder, the mortgagor in the mortgages held by the plaintiff, was insolvent; and, beside a decree of foreclosure of the second and third mortgages, plaintiff prayed that the executors be enjoined from foreclosing the second mortgage.

The foreclosure of the first mortgage proceeded; and after the surplus had been realized as above stated, the present action came on for trial.

The court held, that Campbell, by virtue of the recorded assignment of the second and third mortgages as collateral security, was entitled to payment of the amount due him on the note, in priority to the other parties. The amount due him was one thousand three hundred and thirty-nine dollars and ninety-one cents, while the aggregate amount of the two mortgages held by him largely exceeded that sum. The court ordered payment of Campbell's claim out of the surplus, and that he be discharged from the action; without, however, directing the application of this payment as between the other parties affected thereby. The court then ordered a reference of the issues arising out of the respective answers of the executors and of Van Vranken, and directed that the residue of the surplus should await the determination of the reference.

The material parts of the answers raising these issues were as follows: Van Vranken's answer averred the making of the Bradt mortgage, its assignment to him, Bradt's failure to pay, Edwin Vedder's subsequent conveyance to Isaac, Isaac's conveyance to Bradt, and the recording of all said instruments. Also that the Edwin Vedder mortgages (the second and third mortgages), were assigned to the plaintiff as security for one thousand and three hundred and forty dollars, which was still unpaid; and claimed and insisted that if any surplus remained after paying Campbell, it should be applied in payment of the mortgage held by him, as next in priority, as a lien.

Plank and Schermerhorn's answer firstly and secondly set up their title to the first Edwin Vedder mortgage; thirdly, averred that they, and not Campbell, were the owners of it; fourthly, averred the sale of the mortgaged premises under the James Vedder mortgage, and stated the amount of surplus moneys in their hands. They averred that Campbell once agreed to take his pay out of the said surplus moneys, there being enough to pay both plaintiffs and their claims, but that he afterwards refused. Fifthly, they averred collusion between Campbell and Van Vranken; averred that Van Vranken, before he took his mortgage, knew that said executors held said first Edwin Vedder mortgage; that Van Vranken's purchase of said Bradt mortgage was without consideration, or as security for a contingent liability. They prayed to be paid their debt through said first Edwin Vedder mortgage, out of said surplus moneys, and asked for such other and further relief as they might be entitled to in the premises.

On the reference, the controversy proceeded between the executors claiming the second mortgage by an unrecorded assignment, and Van Vranken claiming priority as a subsequent mortgagee without notice of the executors' claim, and also claiming that the conveyance by Edwin Vedder, the mortgagor to Isaac Vedder, the mortgagee, in 1852, extinguished the second mortgage, by a merger.

The referee found, beside the facts above stated, that Van Vranken had not actual notice of the first and unrecorded assignment of the second mortgage, but that, by the contents of the deeds which recited the existence of such a mortgage, he had constructive notice of its assignment to Quackenbush; and that by reason of such constructive notice the executors were entitled to a priority of payment.

*The supreme court,* at general term, on appeal, held that there was no merger, because at the time of the conveyance to Isaac Vedder he was not the holder of either the second or third mortgage, but had assigned and delivered both,—as collateral, it is true, but for sums still unpaid; and that it was apparent the parties intended no merger. Citing James *v.* Morey, 2 *Cow.* 246, 284, 300; Clift *v.* White, 12 *N. Y.* (2 *Kern.*) 519; Van Nest *v.* Latson, 19 *Barb.* 604.

Campbell *v.* Vedder.

They also held that Van Vranken being a subsequent purchaser, the record of his grantors' title, as well as the clauses in their deeds, were each constructive notice of the mortgage held by the executors.

On the question as to the application of the payment of Campbell's claim,—namely, whether it should be treated as being in discharge of the second or of the third mortgage, or whether, if applicable to the second, the executors were entitled to be subrogated,—the court, while approving the result arrived at by the referee, held that the answers did not present an issue under which the decision of the referee could properly be sustained; that the question of the application of payment not being presented in the issues made by the answers, the general rule must prevail that the older demand should be first satisfied. Seymour *v.* Van Slyke, 8 *Wend.* 403 ; 15 *Id.* 19. Hence the second mortgage was satisfied *pro tanto* by the judgment in favor of Campbell; and that the executors were entitled to enough of the surplus to satisfy the residue of the mortgage.

The court expressed the opinion that the remainder of the surplus would be equitably applicable to the third mortgage; but that as Isaac Vedder (to whom the third mortgage reverted on payment of a debt to secure which he assigned it), though a defendant, had not been a party to the proceedings before the referee, the court could not in this stage of the proceedings dispose of that remainder.

The court accordingly modified the referee's judgment, and Van Vranken appealed to this court.

*Mitchell & Beattie,* for appellant ;—Cited, 9 *Wend.* 80; 13 *Barb.* 230 ; Parmerlee & Wiggins *v.* Dann, 23 *Barb.* 461 ; Green *v.* Hart, 1 *Johns.* 590 ; Jackson *v.* Blodget, 5 *Cow.* 202 ; Clift *v.* White, 12 *N. Y.* (2 *Kern.*) 519 ; James *v.* Morey, 2 *Cow.* 246 ; Marvin *v.* Vedder, 5 *Id.* 671 ; Livingston *v.* Mildrum, 19 *N. Y.* 440 ; McKinstry *v.* Mervin, 3 *Johns. Ch.* 466.

*S. W. Jackson,* for the executors, respondents ;—Cited, 1 *R. S.* 762, § 37 ; 1 *R. S.* 761, § 33 ; 2 *Johns.* 524 ; 3 *Barb. Ch.* 59 ; 18 *Wend.* 421 ; 38 *Barb.* 512 ; 1 *Story Eq. Jur.* § 403, 400 ; 1 *Johns. Ch.* 394 ; 6 *Paige,* 203 ; 6 *Barb.* 382 ; Parkist *v.* Al-

exander, 1 *Johns. Ch.* 398; Schutt *v.* Large, 6 *Barb.* 382; Champlin *v.* Laytin, 6 *Paige*, 203; Childs *v.* Clark, 3 *Barb. Ch.* 52; Jumel *v.* Jumel, 7 *Paige*, 594; Gibert *v.* Peteler, 38 *Barb.* 488; 4 *Kent Com.* 456; 1 *Story Eq. Jur.* § 397; Schutt *v.* Large, 6 *Barb.* 380, 381; Harris *v.* Norton, 16 *Id.* 264; 1 *Story Eq. Jur.* § 633; Besley *v.* Lawrence, 11 *Paige*, 581; Ingalls *v.* Morgan, 10 *N. Y.* 178; Bate *v.* Graham, 11 *N. Y.* (1 *Kern.*) 237; Bowdoin *v.* Coleman, 6 *Duer*, 182; Marquat *v.* Marquat, 12 *N. Y.* (2 *Kern.*) 336; 2 *Story Eq. Jur.* § 1, 244; *Sugden on Property*, 123; Hartley *v.* Harrison, 24 *N. Y.* 170; Reed *v.* Latson, 15 *Barb.* 9; Van Nest *v.* Latson, 19 *Id.* 604; James *v.* Morey, 2 *Cow.* 246.

BY THE COURT.—PECKHAM, J.—The amount of surplus money, after paying Campbell's claim, was one thousand five hundred and seventy-four dollars. The claim of either party, if well founded, is sufficient to absorb the whole. The mortgage held by the executors is the older lien, and must prevail, unless its priority has, in some manner, been lost. Van Vranken insists it has, upon various grounds: First. That Van Vranken is a *bona fide* purchaser, without notice of their mortgage, and, as their assignment was not recorded, it is dormant and void as to him. Second. That the conveyance to Isaac Vedder, the mortgagee of the equity of redemption, operated as a satisfaction or payment of the mortgage assigned to the executors.

As to the first ground, the referee found that Van Vranken had constructive notice of the assignment to the executors by the reference thereto in the deed to his mortgagor's grantor, and also in the deed to the grantor himself. In both deeds, all the mortgages (except the one held by Van Vranken, not then executed) were referred to, and the grantee in the last agreed to pay them, as part of the purchase money. The court below affirmed the position of the referee. This doctrine is, perhaps, sound enough. Champlin *v.* Laytin, 6 *Paige*, 189; affirmed 18 *Wend.* 407, 421; Childs *v.* Clark, 3 *Barb. Ch.* 52. If Van Vranken had constructive notice of this assignment, he could not be a "*bona fide* purchaser" of the mortgage assigned.

Campbell *v.* Vedder.

But there is no occasion here to invoke the aid of any disputed principle. This mortgage held by the executors had been duly recorded, as the referee found; and that, of itself, although the point was not presented by counsel, was notice to all subsequent incumbrancers and purchasers. The statute, as to recording assignments of mortgages, has no application to Van Vranken's mortgage or to this case.

So far as regards him,—the mere holder of a subsequent mortgage,—the record of the prior mortgage was clear and sufficient notice thereof. The failure to record an assignment of the prior mortgage could not blot out the record of the mortgage itself. If Van Vranken was the purchaser, in good faith, of the prior mortgage, and an assignment thereof, previously made, had not been recorded, he would hold the mortgage. But, if he only became a purchaser of the premises by absolute deed, or otherwise, the record of a prior mortgage is sufficient notice thereof to him, no matter how often assigned, or whether the assignment be recorded or not. The only alteration made by the recording act of 1830 is, that an assignment must now be recorded as against a subsequent *bona fide* purchaser of the mortgage assigned. A "subsequent purchaser, in good faith," in the recording act, as to this case, means a purchaser of the mortgage assigned, not a purchaser of the premises. 1 *R. S.* 756, § 1. A subsequent purchaser of the premises is bound by a prior recorded mortgage, no matter who holds it. This is too plain to be elaborated.

As to the second ground, the conveyance of the premises to the mortgagee did not operate as a payment of the mortgages he had held thereon, as he was not then the holder of the mortgages; nor was there any merger—of course there could be none, as the different estates never vested in the same person. Besides, merger in equity is a question of intention, and there can be no pretense of any intention that they should merge when they are referred to as subsisting liens in the deed itself to the mortgagee—the deed stating that they are then in the hands of third persons (one in the hands of said executors), and that the conveyance was expressly made subject thereto. Sheldon *v.* Edwards, 35 *N. Y.* 279.

The judgment entered upon the report of the referee was

modified by the order of the supreme court. The plaintiff Campbell, held two bonds and mortgages [the second and third above mentioned], as assignee, as security for his debt. The one which had previously been assigned to the executor's testator was the elder of the two. The plaintiff had been allowed to take his pay from the surplus money, without any order of court or agreement of parties as to the application of the money—whether, in paying plaintiff's debt, it should apply upon the elder or the younger mortgage, or upon both. The court held that, in the absence of such order or agreement, or actual application, the law applied it to the elder mortgage. The amount due upon the elder mortgage was thus reduced to seven hundred and ninety-five dollars and eighty-two cents, and, to that amount only, the court ordered payment of the executor's claim. The court declined to dispose of the balance of the surplus money, on the ground that Isaac Vedder, though a party to this suit, was not a party to the reference, as he should have been, and that such balance should, therefore, remain until the further order of the court.

Isaac Vedder, the mortgagee in both mortgages, made no claim to the surplus moneys, and, under the facts of this case, he had none whatever. He had assigned the elder mortgage [the second mortgage above mentioned], to the executors' testator to secure a sum greater, at the time of the trial, than the amount due on the mortgage, and larger than the balance of the surplus money. After making this assignment, he fraudulently assigned the same bond and mortgage to another. The latter assignment was conceded to be valid, because the first assignment was not recorded. Equity will not allow him to take advantage of his own fraud, by insisting that the payment to Campbell shall be applied to the elder mortgage, and thus defraud the executors, when, in justice, it ought to be applied upon the other mortgage, held by Campbell. Thus, neither Campbell nor the first assignee, the testator, would be defrauded. Justice would thus be done to all. There is nothing in Seymour *v.* Van Slyck, 8 *Wend.* 403 ; affirmed 15 *Id.* 19, relied upon by the court below, at war with such an application.

On the contrary, the doctrine of the application of payments, as fully examined by the chancellor in that case, in the court

·of errors, directly sanctions the application of this money by Campbell to the satisfaction of the younger mortgage, then held by him. Where neither party, debtor or creditor, has applied the payment, " the court, upon whom the exercise of the power devolves in that case, should make the application upon equitable principles." Chancellor WALWORTH, delivering the opinion of the court, 15 *Wend.* ·29. In that case the court was not guided by the rule that the payment must be applied to the oldest demand, in the absence of any application or direction. The application was made precisely where the court determined that justice and equity required. So it should be applied in the case at bar. The court below was of opinion that justice required its application according to the decision of the referee; and in that we think the court was right.

Again: equity, as a general rule, requires the creditor having two securities to resort first to the one to which another creditor has no claim. Besley v. Lawrence, 11 *Paige*, 581; Ingalls v. Morgan, 10 *N. Y.* 178.

Isaac Vedder, the mortgagee who assigned the first mortgage [the second mortgage above mentioned], to the executors' testator, and, thereafter, again to another, together with another mortgage, had no interest in the first mortgage until both claims, which it was assigned to secure, were paid, and the mortgage would not revert to him until then. If the assignment to the testator were void as to Campbell, because not recorded, it was perfectly good as to Isaac Vedder, the assignor. Van Vranken is simply a subsequent mortgagee, and the prior incumbrance must be first paid.

We see no defect in the pleadings that would not allow the judgment ordered by the referee. The facts and claims of both parties were properly stated. If there were any deficiency in the prayer for relief, the court should have amended it. Emery v. Pease, 20 *N. Y.* 62; Marquat v. Marquat, 12 *Id.* 336. We think the judgment entered upon the report of the referee was right, in all respects, and should be affirmed, with costs.

All the judges concurred.

Judgment appealed from affirmed, with a modification that

the judgment on the report of the referee be affirmed with costs, and costs of this appeal to be paid by the appellant, Van Vranken.