PETITION OF WILLIAM KNOWLES *et al.* for an Opinion of the Court.

In Rhode Island a creditor who has a claim secured by a lien is entitled to a dividend from the voluntary assignee of his debtor only on such residue of his claim as may remain unpaid after he has exhausted the property subject to his lien.

*July* 3, 1880. MATTESON, J. This is a petition under Pub. Laws R. I. cap. 563, § 16, April 20, 1876, for the opinion of the court. The case stated is as follows: March 29, 1876, Darius Pinkham gave to Ruth A. Stoddard, for money loaned, his promissory note for six thousand dollars, and also a mortgage on his real estate to secure its payment. Pinkham is indebted to F. Breck & Co. in the sum of two hundred and ninety-three dollars and fifty-three cents for money paid for him about the 23d day of November, 1879. On December 13, 1879, Pinkham, having previously conveyed his equity of redemption in the mortgaged estate, assigned all his property, except such as was exempt from attachment, to William Knowles in trust to convert the same into cash, and after paying the reasonable expenses of executing the trust, to pay over the balance to his creditors in proportion to their several demands. March 12, 1880, and after the presentation of her claim to the assignee, Stoddard sold the mortgaged property for sixteen hundred and fifty dollars. Most of the assigned property has been converted into money, and all parties desire that it may be divided among the creditors according to their rights. Stoddard claims to be entitled to a dividend on the whole amount of her note; such dividend, together with the proceeds of the mortgaged property, being insufficient to pay the note in full. Breck & Co. insist that she is entitled to a dividend on the residue of the note only after deducting the proceeds of the mortgaged property.

In Pennsylvania a creditor who has received a part of his debt from the sale of property upon which he had a lien is entitled to a *pro rata* dividend on the whole amount of his claim out of the general assets of the debtor in the hands of an assignee to an amount sufficient to pay the residue of his debt in full. *Shunk & Freedley's Appeal*, 2 Pa. St. 309; *Morris* v. *Olwine*, 22 Pa.

St. 441, 442; *Keim's Appeal*, 27 Pa. St. 42, 46; *Brough's Estate*, 71 Pa. St. 460, 462; *Graeff's Appeal*, 79 Pa. St. 146, 148, 149; *Miller's Estate*, 82 Pa. St. 113–116. In New York and Iowa, on the contrary, such a creditor is entitled to a dividend upon the residue only of his debt after exhausting the property subject to his lien. *Strong* v. *Skinner*, 4 Barb. S. C. 546, 560; *Besley* v. *Lawrence*, 11 Paige, 581; *Midgeley* v. *Slocomb*, 32 How. Pr. 423, 426, 427; *Dickson* v. *Chorn*, 6 Iowa, 19; *Wurtz, Austin & Mc-Veigh* v. *Hart*, 13 Iowa, 515, 519. We prefer the doctrine of the New York and Iowa cases. It accords with the well-established rule in equity, that when one creditor has a lien upon two funds, and another a lien upon only one of them, the former will be compelled to exhaust the fund upon which he has an exclusive lien, and will be permitted to resort to the other for the deficiency only. It also accords with the policy of our present statute, Pub. Laws R. I. cap. 723, June 20, 1878, that creditors shall share equally in proportion to their respective demands in the assets of their debtor. We are of the opinion, therefore, that the proceeds of the mortgaged property are to be first applied to the payment of the note, and the dividend paid upon the residue only.

*William Knowles, John Eddy & Benjamin N. Lapham*, for petitioners.