## THE RECTOR, CHURCH WARDENS AND VESTRYMEN OF CHRIST PROTESTANT EPISCOPAL CHURCH IN THE CITY OF NEW YORK, Appellant, *v.* JOHN MACK AND RHODA E. MACK, Respondents, Impleaded, etc.

*Conveyance of land subject to a mortgage — vests the legal title in the grantee — his title is not altered by his purchasing the land at a sale on the foreclosure of the mortgage — he does not thereby relieve the property from easements to which it was subjected by the provision of a deed executed subsequently to the mortgage.*

March 3, 1859, the plaintiff, which owned certain premises in the city of New York, sold in pursuance of a prior agreement a portion thereof to the defendant John Mack, subject to a mortgage of $11,000, which the grantee assumed and agreed to pay, reserving an easement of light for certain of the windows in a building belonging to the plaintiff and situated on the adjoining lot. In May, 1863, Mack conveyed the premises to C., who on the same day conveyed them to the defendant Rhoda, the wife of John Mack; both the conveyances being made subject to the said mortgage. Rhoda, after she became the owner, procured the mortgage to be foreclosed, and having purchased the premises at the sale claimed to have thereby acquired a title to them free from the servitude imposed by the plaintiff's conveyance.

*Held,* that the deed to the defendant Rhoda vested the legal title to the property in her, the mortgage being merely a lien or security for the payment of the mortgage debt.

That this legal title was neither changed nor divested by the sale in the action for the foreclosure of the mortgage.

That the deed executed to her upon such sale operated simply as a release of the mortgage, and did not relieve the property from the burdens and restrictions imposed upon it by the plaintiff's conveyance.

APPEAL from a judgment in favor of the defendants, entered upon the report of a referee.

*Wheeler H. Peckham,* for the appellant.

*Boardman & Boardman,* for the respondents.

DANIELS, J.:

The action was brought to restrain the continuance of certain erections upon premises owned by the defendant Rhoda E. Mack, and adjoining on the south the church property of the plaintiff.

The church edifice, as well as the property in controversy, are situated on the south-easterly corner of Thirty-fifth street and Fifth avenue, in the city of New York. On the 12th day of February, 1859, the trustees of the plaintiff entered into an agreement, under seal, with the defendant John Mack, for the sale of the land on the southerly side of and adjacent to that upon which the church edifice had been erected. By the terms of the agreement then made it was declared and provided that the use of light from all openings on the north side of the lot should be reserved for the use of the parties of the first part (the plaintiff), with the privilege to the party of the second part to build over one and to the second window of the basement, supported on pillars, so as not to close up said windows, and that no shrubbery should be allowed to grow, or any other obstacle be placed in front of said windows so as to exclude the admission of light. And these restrictions were declared to be binding on the successors in office, heirs, administrators, executors and assigns of the respective parties so long as the adjoining property on the north side of the lot should be used for church purposes. On the 3d of March, 1859, the plaintiff, in compliance with this agreement, conveyed the premises adjacent to the church lot upon the south to the defendant John Mack. After that, and in the month of May, 1863, he conveyed the same premises to Blanche Chaudurgue, who on the same day executed and delivered a deed of the same property to the defendant Rhoda E. Mack.

By the terms of the agreement restricting the use which might be made of the property sold by the plaintiff, a servitude in its favor was created. It was an interest in or burden imposed upon the property which was valuable to the plaintiff and legally created by the instrument executed by the parties to it. (*Rome and Watertown R. R. Co.* v. *Ontario Southern R. R. Co.*, 16 Hun, 445.) And as the deed conveying the property was in terms rendered subject to the covenants contained in the agreement, the title conveyed was, to that extent, qualified and limited, and persons afterwards acquiring that title under the plaintiff's grantee took it subject to that restraint and qualification. The terms of the record itself was sufficient to put them upon inquiry and charge them with notice of the rights the plaintiff was entitled to enjoy, notwithstanding the conveyance of the property by the deed. (*Childs* v. *Clark*, 3 Barb. Ch., 52.)

In addition to this circumstance the deed from the plaintiff's grantee was made for the sole and only purpose of placing the title to the premises in his wife, and his grantee immediately executed that purpose by delivering the deed required to consummate it. No pecuniary consideration whatever entered into either of these deeds, but they were executed solely for the purpose of making the defendant Rhoda E. Mack the owner of the property.

After she became such owner a mortgage previously existing against the property was procured by her to be foreclosed, and upon the sale made under the judgment she became the purchaser, and after that she made the erection now in controversy which violated the restraints and provisions, subject to which the plaintiff conveyed the property to her husband. At the time when the plaintiff acquired its title to the property that mortgage existed against it, amounting to the sum of $11,000. In the conveyance made to the plaintiff, the grantor, who was liable for the payment of the mortgage debt, made it subject to the mortgage and the plaintiff thereby assumed its payment. In like manner when the property was conveyed to John Mack by the plaintiff it was made subject to this mortgage and he also assumed its payment. But in the deed made by him that personal obligation was not imposed upon the grantee, neither did his grantee attempt to impose it upon the defendant Rhoda E. Mack, but it was simply declared that the grant was subject to that mortgage. The grantee in the last deed insisting after the mortgage sale that her title to the land was acquired under the foreclosure sale, claimed to hold it free from the restraints imposed upon it by the contract between her husband and the plaintiff, and in effect preserved by the deed from the latter to her, and under that claim she deemed herself at liberty to use the property as its sole and unqualified owner in all respects. Whether she can be protected in this position and allowed to disregard the obligation of servitude to which the property was so carefully subjected by the contract and conveyance of the plaintiff is the point to be determined by the disposition of the present appeal. As she acquired her title from her husband with notice, and probably with full knowledge of the burdens imposed upon the premises in the plaintiff's favor she was equitably bound to observe and maintain them; and procuring the mortgage, to which her title was also subjected, to

be foreclosed and a sale made for the apparent purpose of merely relieving herself from this obligation, was in violation of the duty existing upon her part to the plaintiff. But still if the legal right acquired by her under the foreclosure sale is to be attended with the effect claimed for it, her position must accordingly be sustained.

But by the conveyance which was made from the party who held the title, subject to the lien of the mortgage, the plaintiff acquired the legal estate in the land. And the same estate subject to the servitude was acquired by its grantee, and subsequently passed in the same manner to the defendant Rhoda E. Mack. By these deeds she became the legal owner of the property, and the outstanding mortgage upon it was merely a lien or security for the payment of the mortgage debt. (*Runyan* v. *Mersereau,* 11 Johns., 534; *Kortright* v. *Cady,* 21 N. Y., 343, 347; *Stoddard* v. *Hart,* 23 id., 556.)

This legal title was neither changed nor divested by the sale to the person holding it in the foreclosure proceedings. After that, as well as before, she continued to hold the title to the premises by virtue of the deeds made by the plaintiff and its grantee. And the deed executed to her in compliance with the terms of the sale, in the foreclosure action, simply operated as a release of that security upon the property. This appears to follow from the effect given to conveyances of this nature by the statute, for it has been declared in plain terms, that such a deed shall be as valid as if the same were executed by the mortgagor and mortgagee. (3 R. S. [5th ed.], 273, § 88.)

In the present instance it could not operate upon the title of the mortgagor, for he had previously conveyed that away, and it had been effectually acquired by this defendant through the conveyances preceding, and that executed to her. She already held her title subject to this mortgage and its lien as a security, and the sale to her consequently was equivalent only to a deed executed by the mortgagee. It transferred to her simply his rights and interests, for she had previously become the owner of the residue of the estate in the land. It was in substance and effect simply a release of the property from the mortgage, and to that extent enlarging her interest without superceding or changing that previously acquired by her. The consequence is that she did not by her purchase at

this foreclosure sale acquire a title to the property paramount to that conveyed to her husband by the plaintiff, but that she continued to hold it as she had before, only that from the time of the sale it was relieved from the lien of this mortgage. The sale and conveyance to her, therefore, did not relieve the property from the burdens and restrictions subject to which the plaintiff conveyed it, but she was bound to observe and perform them, for the reason that she had received the legal estate in it, subject to that obligation.

It does not appear precisely when the erection was made which formed the subject of the plaintiff's complaint, but it does appear that it was of such a nature as to interfere with and obstruct the use of light in such a manner as to constitute a breach of the covenants or conditions qualifying the title conveyed by the plaintiff to John Mack.

No case was made entitling the defendant to the benefit of the statute of limitations, for it did not appear that the fence erected had existed so long as to be protected by either of its provisions. The case was not disposed of upon that ground, but solely because this defendant had acquired a title to the property which relieved it of the servitude imposed upon it before the time when she received her deed. This was an erroneous view of the rights and obligations of the parties. For, as before observed, the defendant's title remained entirely unchanged except in the circumstance that it had been relieved from the lien of this pre-existing mortgage. The judgment in the case should be reversed, and upon the facts found in the decision of the learned judge before whom the trial took place judgment should be awarded in favor of the plaintiff, requiring the removal and discontinuance of the erection forming the subject of the complaint in the action.

DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed. Judgment ordered as directed in opinion.