THOMAS H. LEE, PLAINTIFF IN ERROR, v. GREGORY & PERRY, DEFENDANTS IN ERROR.

Debtor and Creditor: MARSHALLING ASSETS. Only the creditor of a common debtor can compel a creditor having two or more liens, while the plaintiff has but one, to exhaust the fund not covered by the plaintiff's lien, before resorting to the other.

ERROR to the district court for Dodge county. Tried below, before POST, J. The facts appear in the opinion.

*E. F. Gray,* for plaintiff in error.

*N. H. Bell,* for defendant in error.

MAXWELL, J.

On the 21st day of April, 1879, Thomas H. Lee, was the owner of a pair of mules, and on that day one Stephen D. Roblyer applied to him to exchange the same for a horse possessed by him. Lee informed him that if he would purchase a certain horse from Reynolds, Brown & Bro., and trade him both horses, he would give him the mules and $25.00 in exchange. Roblyer then purchased the horse designated on credit for $125.00, and the exchange was effected on the above conditions, but Reynolds, Brown & Bro., were unwilling to take Roblyer's note secured by a chattel mortgage on the mules for the value of the horse, and they induced Lee to sign the note as surety and also to sign a joint mortgage with Roblyer upon the mules, the horse purchased, and other property. Lee signed these papers under a promise from the mortgagees that they would resort to his property only in case that of Roblyer was insufficient to pay the note. The mules seem to have passed into the hands of one Thomas Laughrey, who on the 21st day of August, 1879, gave a mortgage on the same to Gregory and Perry, to secure the payment of the sum of $125.00.

Roblyer failed to pay the note when it became due, and Lee, after that time went to Butler county, obtained possession of the mules and delivered them to Reynolds & Co., who thereupon promised him to accept them in full satisfaction and discharge him from all further liability on the note and mortgage. The mules at this time were worth about $200.00. Soon afterwards Gregory & Perry applied to Reynolds & Co., and tendered the amount due on their note and mortgage, and demanded the mules and an assignment of the note and mortgage. Reynolds then informed them that he had accepted the mules in full satisfaction of the note and mortgage, and that Lee was released from all liability thereon. Gregory & Perry then paid Reynolds $107.00, and received the mules together with Roblyer and Lee's note and mortgage, although no

formal assignment had been made of the same. Gregory & Perry thereupon demanded the horse covered by the mortgage from Lee, who refused to deliver the same; whereupon they brought an action of replevin to recover the possession. On the trial of the cause in the court below judgment was rendered in their favor. Lee brings the cause into this court by petition in error.

The attorney for the defendants in error contends that as Reynolds & Co. had two funds from which to collect their debt, and Gregory & Perry but one, that according to the familiar rule in equity for marshalling assets, Reynolds & Co. must first exhaust the property mortgaged by Lee, before selling the property covered by the mortgage executed by Laughrey, and we are referred to sections 633, 642, 499 of Storys Eq. Juris., to sustain the position.

The doctrine of marshalling assets is, that where there are several creditors having a common debtor, who has several funds, all of which can be reached by one creditor, and only a part of the funds by the others, the former shall take payment out of the funds to which he can resort exclusively, so that all may receive payment. *Ex Parte Rend.*, 17 Ves., 520. *Aldrich v. Cooper*, 8 Id., 382. *Dorr v. Shaw*, 4 Johns., Ch., 17. *Cheesborough v. Millard*, 1 Id., 413. *Lanz v. The Duke of Athol*, 2 Atk., 445. *Everston v. Broth*, 19 John., 486. *Besley v. Lawrence*, 11 Paige, 581. *Wilder v. Keeler*, 3 Id., 167. *Purdy v. Doyle*, 1 Id., 558. Willards Eq. Juris., 338. The principle rests upon the natural equity, that one person shall not so use the rights which he possesses as unnecessarily to prejudice the rights or remedies of others. The law permits the creditor having more than one fund, to be paid in full, but requires him to apply, so far as it will go, the fund upon which he has an exclusive lien in payment of his debt. But to entitle a party to this relief, he and the parties against whom relief is sought, must be creditors of a common debtor. This the record clearly shows is

not the case. Laughrey is the debtor of the defendants. and they have no claim or demand against Lee. The note and mortgage given by him were fully satisfied by the delivery of the mules. The judgment of the district. court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.