CITIZENS STATE BANK OF COUNCIL BLUFFS, IOWA, APPELLEE, v. CHARLES F. IDDINGS, APPELLANT.

FILED NOVEMBER 8, 1900.   No. 9,297.

1. **Marshalling Securities:** CREDITORS: COMMON DEBTS. The doctrine of marshalling securities applies only to cases in which two or more creditors are seeking to satisfy their claims out of property of the same common debtor.

2. **Creditor:** COMMON DEBTOR. Where a creditor has two common debtors, not sustaining to each other the relation of principal and surety, one of them can not claim exemption from liability on the ground that the other ought to be first sued and compelled, if possible, to satisfy the debt.

APPEAL from the district court of Lincoln county. Heard below before NORRIS, J. *Affirmed.*

*Wilcox & Halligan,* for appellant.

*Harl & McCabe* and *T. C. Patterson, contra.*

SULLIVAN, J.

This action, which is based upon a foreign judgment, was brought by the Citizens State Bank of Council Bluffs against Charles F. Iddings in the district court of Lincoln county. The plaintiff was successful at the trial, and the defendant having, as he contends, interposed an equitable defense, brings the record here for review by appeal. The facts essential to an understanding of the case are these: Iddings was a grain merchant doing business at North Platte in this state. On or about November 14, 1891, he shipped over the road of the Union Pacific Railroad Company two cars of wheat to the Brown Brothers Grain Company at Council Bluffs, Iowa, and at the same time sent them the bills of lading by mail. The grain company, having in due course received the bills of lading and being then insolvent and about to suspend business, pledged them to the plaintiff as partial security for a $9,000 loan. The railway company delivered the wheat to the grain company without authority from the bank and over the objection of defendant, who had learned, while the wheat was in transit, that the grain company had failed. Afterwards Iddings, on the theory that the sale to the grain company had been rescinded, replevied the wheat and disposed of it for his own benefit. During the pendency of the possessory action in the Iowa court, the bank intervened and asserted its rights under the bills of lading. The court found that Iddings was entitled to the property as against the grain company, but that the bank was entitled to it as against Iddings. Judgment was accordingly given for $800, the value of the wheat, in favor of the bank and against Iddings, and a like judgment was rendered in favor of Iddings and against Brown Brothers Grain Company.

Both judgments are unsatisfied, the one in favor of the bank being the basis of the present suit.

The defendant herein insists that the court should require the plaintiff to satisfy its claim against the grain company by enforcing against the railway company the right of action resulting from the wrongful delivery of the wheat. To do this would be inequitable; it would be palpably unjust. The negligence of the railway company resulted to the advantage of Iddings; it enabled him to obtain possession of property that should have gone to the bank. The wrongful act that gave the bank a cause of action against the carrier, enabled Iddings to seize and appropriate to his own use two cars of wheat to which he was not entitled. By two distinct wrongful acts the plaintiff lost the property covered by its bills of lading. The carrier gained nothing by either tort, while the defendant profited by both. It does not seem that a court of equity should, under these circumstances, bestir itself for defendant's protection. It is further insisted that the $9,000 loan was secured by other bills of lading; that the grain thus pledged was wrongfully delivered by the same carrier to the grain company; that an action has been instituted by the bank to recover of the carrier the value of the property so diverted, and that this action should not proceed to judgment until it is determined that the other has proven fruitless. It is claimed that the doctrine of marshalling securities is applicable to this case. We think it is not. It is, of course, a well established rule of equity that where there are two creditors of a common debtor, who has several funds, all of which can be reached by one creditor and only part of which can be reached by the other, the former must first seek satisfaction out of that fund which the latter·can not touch. *Davenport Plow Co. v. Mewis*, 10 Nebr., 317-321; *Lee v. Gregory*, 12 Nebr., 282, 284. This doctrine is applicable only to cases in which two creditors are pursuing the same common debtor. This is a case in which a creditor has two common debtors, one of which

claims exemption from liability on the ground that the other ought to be first sued and compelled, if possible, to satisfy the debt. Iddings is not in this action seeking to enforce his judgment against the grain company; he is merely seeking to prevent the bank from enforcing its judgment against him. The case is not different in any essential particular from one in which a mortgagee sues for conversion of part of the chattels covered by his mortgage. We have never understood that in such an action the wrongdoer may defend on the ground that he has a claim against the mortgagor and that the remaining security is sufficient to satisfy the mortgage debt. The case of *Haas v. Bank of Commerce*, 41 Nebr., 754, is, we think, exactly in point. That was a suit on a promissory note by an indorsee who held it as collateral security. One defense was that the note had been obtained by fraud, and that plaintiff, who was an innocent holder, had sufficient other collateral to which he should be compelled to resort before proceeding to judgment against the defendant. Upon this branch of the case the court, speaking through IRVINE, C., at page 761, said: "It is claimed that the case in this aspect is brought within the principle whereby the holder of a junior security upon a fund may compel the holder of the senior security upon that fund, who also holds other security, to exhaust such other security before proceeding against the fund which is held by both. We do not think that this doctrine of marshalling has ever been applied to any such case as that under consideration. It has been frequently decided that the doctrine referred to will never be applied except in the case of a common debtor to both creditors for the protection of the junior creditor, and then only where it may be done without injustice, and will not compel a resort to dubious securities. It is equally well established that a creditor holding two or more securities for the same debt may proceed to enforce either or all of them, and will not, as a general proposition, be required to proceed in any particular order. In this

case the makers of the other notes were not before the court, and for that reason alone the plaintiff in error was not entitled to the relief he sought. *Dorr v. Shaw,* 4 Johns. Ch. [N. Y.], 17. The makers of other notes may have had similar defenses or equal or even superior equities. But aside from this, the plaintiff in error had no right at this time or in this manner to seek such relief. There are cases where somewhat similar relief has been granted in favor of one who occupied the position of a surety, but we know of no case like the present."

Our conclusion is that the judgment of the district court is right and should be

AFFIRMED.