JOHN F. ANTHES, APPELLANT, v. JOHN SCHROEDER ET AL., APPELLEES.

FILED APRIL 9, 1903.   No. 12,403.

1. **Marshaling Assets:** LIMITATION OF RULE: CREDITOR HAVING LIEN ON TWO SECURITIES. The rule as to marshaling assets has its proper exceptions and limitations, and where, by reason of the circumstances in a particular case, it would be inequitable and work an injustice to require one of two creditors having a lien on two securities to first resort to the one on which the other creditor has no lien, a court of equity will not enforce the rule.

2. ———. Ordinarily, where several creditors having a common debtor, who has several funds, all of which can be reached by one creditor and only a part of the funds by others, a court of equity will require that the former shall take payment out of the funds to which he can resort exclusively, so that all may receive payment.

3. **Subrogation.**   It is likewise a rule in equity, that if a prior
   creditor having security on two funds satisfies his demand
   out of the security or fund which alone is pledged to a junior
   creditor, and thereby exhausts that fund or security, the latter
   creditor will be subrogated to the former's lien upon that fund or
   security which is not exhausted.

4. ———.   *Held*, In the case at bar, that the plaintiff is entitled to
   equitable subrogation to the lien of a prior creditor on other
   security for any balance remaining due after the application of
   the proceeds of the security on which both have liens to the
   payment in full of the prior incumbrance.

APPEAL from the district court for Clay county: GEORGE
W. STUBBS, DISTRICT JUDGE.   *Reversed.*

*William M. Clark* and *George H. Hastings,* for appellant.

*John C. Hartigan* and *Michael A. Hartigan, contra.*

HOLCOMB, J.

This cause, a suit in equity, comes here by appeal from
the district court for Clay county. The controversy is with
respect to the rights of junior and senior incumbrancers of
lands situated in that county, the senior incumbrancer also
holding a mortgage to secure the same indebtedness on
other lands situated in Jefferson county.   In a proper dis-
position of the case, are involved the questions of marshal-
ing assets and of subrogation.   The plaintiff, a junior in-
cumbrancer, was denied any relief in the district court,
and by this appeal seeks to have a decree therein rendered
against him overturned, and he be permitted to have such
action taken by the senior incumbrancer, in the nature of
marshaling assets, as will protect him in the enforcement
of his second lien, or, if that can not be done, that he be
decreed to be subrogated to the rights of the senior mort-
gagee in his mortgage security on property not common to
both mortgagees, to the extent necessary to satisfy his
junior lien, after the exhaustion of the common security.
The record discloses that the plaintiff, who is appellant,

was the owner of four hundred acres of land in Clay county, which he sold to the appellee John Schroeder. In effectuating the sale, it appears that the grantee, Schroeder, obtained a loan from the appellee Thompson for a considerable portion of the purchase price, and secured the same by mortgage on the land purchased, and also a mortgage upon a half section of land in Jefferson county. The latter mortgage was subject to two prior mortgages on the land therein described—one on each quarter—for $1,400 and $1,600, respectively. To secure the plaintiff, as grantor, for a balance due him of something over $2,400, a second mortgage was executed by Schroeder and wife on the Clay county land alone. Afterwards, default having been made in the payment of the indebtedness due the plaintiff, he instituted an action in the district court for Clay county to foreclose his mortgage lien, making the senior incumbrancer a party, who appeared in the action and obtained a finding of the amount due him under his first mortgage lien, and a decree directing a sale of the premises for its satisfaction. The plaintiff, it appears, prior to the institution of his foreclosure action, had reduced his demand to judgment, and attempted by execution to sell the lands of Schroeder in Jefferson county to satisfy or in partial satisfaction of his judgment. For some reason not clearly disclosed by the record, his action to foreclose was dismissed without prejudice, and the senior incumbrancer proceeded to obtain a decree for the sale of the Clay county lands, as before stated. After appellant had fully exhausted his legal remedies, realizing but $100 on his demand, and after executions on his judgment had been issued and returned unsatisfied in both Jefferson and Clay counties for want of property on which to levy, he filed his amended petition in the original action of foreclosure begun in the Clay county district court, setting forth the facts, as heretofore narrated, and alleging that the Clay county land was of insufficient value to pay both the senior and junior incumbrances thereon, and praying an injunction restraining the senior incumbrancer from

proceeding further in that action until he had first ex-
hausted his security on the Jefferson county land, or, if .
the court would not grant him that relief, that, upon pay-
ment of the senior incumbrance from the proceeds of the
Clay county security, appellant be subrogated to the rights
of appellee Thompson, under his mortgage on the land in
Jefferson county, to the extent necessary to satisfy the
balance due plaintiff under his second mortgage lien on
the land in Clay county on which both held mortgages, and
for general equitable relief.  Thompson, the senior mort-
gagee, the mortgagors Schroeder, his wife, their grantee,
and a son and his wife, were all made parties defendant
to the suit.  Thompson answered, denying that the plaintiff
was entitled to the relief asked or that his petition stated a
cause of action, and alleged facts affirmatively as grounds
of defense, and as reasons why he should not be required
to abandon the proceedings in the court into which he had
been brought, as before stated, and be compelled to go
into Jefferson county and there exhaust the security which
he held, and on which the appellant had no lien.   The
Schroeders answered by a general denial, and by allega-
tions of other facts attempted to state an affirmative
defense.

It is alleged that the decree in favor of Thompson is an
adjudication of the questions presented by the plaintiff's
petition, and that an action was still pending and undeter-
mined by which the plaintiff was attempting to satisfy his
demands, from and out of the Jefferson county lands.   Re-
garding this latter, it may be said that an execution on
plaintiff's judgment was issued and levied on one quarter
section of land in Jefferson county, subject to prior in-
cumbrances, and by the sheriff sold to the plaintiff for the
sum of $100.   After obtaining a deed as purchaser at
sheriff's sale, he instituted an action to set aside an alleged
fraudulent conveyance of the land to the wife of the judg-
ment debtor, which latter action resulted adversely to him
in the district court, and in this court.   *Anthes v. Schroe-
der,* 3 Neb. (Unof.) 604. The cause was not finally de-

termined at the time of the trial of the case at bar. It is manifest, however, that entirely aside from these proceedings to set aside the conveyance after purchase at public sale the plaintiff had exhausted his remedy at law. The present action and the right to maintain it were in no way affected or qualified by the proceedings he afterward took in aid of execution. The land had been sold under an execution issued on his judgment for $100, which had been credited on the judgment; and whether he succeeded or not in his efforts to set aside the prior conveyance, would not, at least, satisfy or diminish further the amount yet remaining due on his judgment. For the balance yet due he was at liberty to proceed in obtaining satisfaction in any way open to him, either by further proceedings at law or by a suit in equity. The Schroeders really have no defense of a substantial character in the present action, as disclosed by the pleadings and the proofs. The trial court, we think, must have entertained this view, in that no finding or judgment was entered in respect of the issues as raised by the pleadings of the plaintiff and the defendants Schroeder. These defendants were entirely ignored in the finding and decree, and in the final disposition of the controversy in the court below. The real and substantial controversy is between plaintiff and appellee Thompson, as holders of mortgage securities on the lands mentioned, and of the character stated. It involves the adjustment under equitable considerations of their respective rights and liens on the two securities.

It is urged, and, as we think, with much propriety and merit, that it would be inequitable and result in an unwarranted hardship to require the appellee Thompson, after he had obtained his decree in Clay county, when he had been brought there upon the initiation of the plaintiff, to leave the district court of that county and go into Jefferson county and there institute a new suit to foreclose his mortgage security on the land covered thereby with the additional expense, delays and vexation necessarily incident to the litigation resulting therefrom; and no com-

plaint can justly be made because of the action of the trial
court in refusing to grant the injunction asked, and re-
manding the senior incumbrancer to his remedy against
the Jefferson county lands before proceeding further in
the action, under the decree he had obtained in the district
court for Clay county in the case at bar. But, conceding
that the plaintiff was not entitled to the relief he de-
manded, wherein he seeks to compel the senior incum-
brancer to first resort to his security in Jefferson county,
can it be said that he is entitled to no relief at all and
that the trial court's action in dismissing his bill for want
of equity should be sustained? It seems to us not, and
that such disposal of the case denies to the plaintiff sub-
stantial rights he is obviously entitled to by the applica-
tion of sound equitable principles. His bill not only asked
for relief of an alternative nature, but also for general
equitable relief. If, under the facts heretofore narrated,
he is entitled to any relief of an equitable character, the
learned trial court was in error in altogether denying him
any standing in a court of equity. While the general rule
as to the marshaling of assets, where the common debtor
is proceeded against by creditors having two different
funds as security has its proper exceptions and limitations,
and while we think the present case comes within the
exception in so far as the general rule is applicable which
requires the senior incumbrancer to first proceed against
the fund or security on which the junior incumbrancer has
no lien, so that both may be satisfied without injury to
either out of both funds, so far as possible, yet, because of
the exception, it does not follow that the plaintiff is not en-
titled to some relief, nor that the same result may not be
accomplished by equity decreeing that the junior incum-
brancer shall be subrogated to all of the rights of the
senior incumbrancer in and to the fund or security, on
which he has the exclusive lien, because of and to the ex-
tent of the impairment of the junior incumbrancer's se-
curity, when recourse is had to it alone for the satisfaction
of both demands. There is nothing in the record which dis-

closes any waiver on the part of the appellant of his right to insist on the application of the doctrine of marshaling assets, or, in lieu thereof, of equitable subrogation as between him and the other creditor, Thompson, or that would operate as an estoppel· or bar to the assertion of such right. He may not have pursued and probably did not pursue the wisest course in the efforts put forth by him in securing, or attempting to secure, satisfaction of his demands against the common debtor, Schroeder. But he did nothing in that regard by reason of which it can be said that he lost any right in equity to have both securities subjected to the payment of the two debts by marshaling assets or by subrogation. When he accepted his second mortgage on the Clay county land as security for the balance due him on the purchase price thereof, he had the undoubted right to act in reliance on and under the belief. that for the satisfaction of the two debts the prior mortgagee would look to and if necessary, be compelled to have recourse to the security on which he alone held a mortgage lien, in order that no injustice be done either, and nothing has occurred subsequent thereto to deprive him of the assertion of such right.

The rule is that where there are several creditors having a common debtor, who has several funds, all of which can be reached by one creditor, and only a part of the funds by others, the former shall take payment out of the funds to which he can resort exclusively, so that all may receive payment. 3 Pomeroy, Equity Jurisprudence, 1414; *Lee v. Gregory*, 12 Neb. 282, 284; *Dorr v. Shaw*, 4 Johns. Ch. (N. Y.)· *17; *Evertson v. Booth*, 19 Johns.· (N. Y.) *486. And from this doctrine there is deduced the further rule that, in equity, if a prior creditor, having security on two funds, satisfies his demand out of the security or fund which alone is pledged to a junior creditor, and thereby exhausts that fund or security, equity will subrogate the latter creditor to the former's lien upon that fund or security which is not exhausted. Sheldon, Subrogations, sec. 62; *Hawkins v. Blake*, 108 U. S. 422; *Hudkins v. error.

*Ward,* 30 W. Va. 204, 8 Am. St. Rep. 22; *Milligan's Appeal,* 104 Pa. St. 503; *Ross v. Duggan,* 5 Colo. 85; *Farwell v. Importers & Traders Nat. Bank of New York,* 90 N. Y. 483.  It is, we think, in the failure to note and make proper application of this latter rule to the facts in the case at bar that the learned trial court erred in denying to the plaintiff any relief whatever.  It seems obvious, on principle, and under the authorities cited, that the appellant's rights were such as to compel recognition and enforcement in a court of equity, and that he is entitled to a decree subrogating him to the rights of appellee Thompson to his security on the Jefferson county land to the extent necessary to satisfy the plaintiff's demand, after the land in Clay county has been sold and the proceeds applied to the payment of the prior incumbrance and such portion of the second lien as may be applicable thereon.

Appellee Thompson insists that, inasmuch as he has offered to assign to the plaintiff all of his rights in both securities upon payment of the amount of his obligation and plaintiff has failed to pay him such sum and take an assignment of the securities, as proffered, he is entitled to no relief at all.  But this offer to assign upon payment of his demand, clearly is not a test of plaintiff's rights in the premises.  By the payment of the prior incumbrance in order to protect his own, the plaintiff would be entitled, as a matter of law, to be subrogated to all the rights of the first mortgagee; but his failure or inability to do this ought not to cut him off from any and all equitable relief. What he does do, in effect, when the fund on which he has the second security is taken to satisfy the first mortgage, is to pay from his funds and his security the prior mortgage, which should, under the doctrine of marshaling of assets, have been paid out of the fund on which he had no lien.  Can there be any difference in principle between his paying the prior lien in the first instance, and being subrogated to the rights of the senior mortgagee, and the payment being taken from the funds on which he has the

prior equity, as between himself and the first mortgagee, with respect to that fund and the other fund, on which he has no security, but on which the senior incumbrancer has a lien and which he may take in satisfaction of his debt? In either view of the subject, the ultimate fact accomplished is the taking of both funds in order to prevent unnecessary injury to the junior incumbrancer and deprive him of the full satisfaction of his demand. A realization of the amount due to each could, probably, be had, in the event recourse be had to the fund pledged exclusively to the senior incumbrancer, on which the junior could have no lien or claim save by the doctrine of marshaling assets or by subrogation; otherwise the junior mortgagee would suffer a loss unnecessarily.

Something has been said in respect of the rights of appellee Schroeder and his wife as to their homestead in and to a part of the land in Jefferson county, and because thereof it would be inequitable to decree subrogation in favor of the plaintiff to the mortgage thereon in favor of appellee Thompson, as such decree would result in the destruction of the homestead rights. This question is neither presented by the pleadings in the case, nor was it in any way determined by the trial court. It would seem that if the homestead right was acquired prior to the time of the execution of the mortgages in favor of the creditors, Thompson and the plaintiff, equity would not, either by the marshaling of assets or by equitable subrogation, give to the plaintiff a claim on the homestead superior to the rights of the homestead claimant. But this question can better be presented and raised under proper pleadings and by proofs disclosing the facts in regard thereto; and until such is done, it is unnecessary to discuss the subject. We are of the opinion that the plaintiff, under the pleadings and proof, is entitled to a decree subrogating him to the rights of the appellee Thompson in and to the mortgage the latter held on the land lying in Jefferson county, for such sum as is found due plaintiff remaining unsatisfied after a sale of the land in Clay county on which both held

mortgages, and the application of the proceeds thereof to the payment of the full sum due the senior to the exclusion of the junior incumbrancer.

The decree of the district court is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

REVERSED AND REMANDED.