JOHN F. ANTHES, APPELLEE, v. JOHN SCHROEDER ET AL., APPELLANTS.

FILED JUNE 7, 1907.  No. 15,019.

1. Appeal: RECORD: MOTION TO STRIKE. Where, upon the final hearing of a case, the trial judge makes an order permitting the defendant to offer the testimony taken at a former trial, and afterwards includes the evidence so taken in the bill of exceptions, the same will not be stricken from the record in this court.

2. Marshalling Assets: RIGHTS OF MORTGAGEES. The right of a junior mortgagee having security upon a single tract of land to require a senior mortgagee having security upon several tracts to take payment out of those to which he can resort exclusively, so that both may be paid, cannot be defeated by a secret oral agreement between the senior mortgagee and the debtor that the former shall first resort to the security upon which the junior mortgagee has a lien.

APPEAL from the district court for Jefferson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*John C. Hartigan* and *John Heasty,* for appellants.

*William M. Clark, George H. Hastings* and *W. G. Hastings, contra.*

CALKINS, C.

In 1896 the plaintiff was the owner of 400 acres of land in Clay county, which he sold to the defendant John Schroeder. Schroeder obtained a loan from one Thompson for a considerable portion of the purchase price, securing the same by mortgage on the land purchased, and also by a mortgage upon a half section of land in Jefferson county. For the remainder of the purchase price, the

plaintiff accepted a second mortgage executed by Schroeder and wife on the Clay county land alone. Default having been made in the payment of this mortgage, the plaintiff instituted an action in the district court for Clay county to foreclose this mortgage, making Thompson, who held the first mortgage, a party. In an amended petition in this action, the plaintiff alleged that the Clay county land was of insufficient value to pay both the senior and junior incumbrances thereon, and prayed an injunction restraining the senior incumbrancer from proceeding further in that action until he had first exhausted his security on the Jefferson county land. Or, if the court would not grant him that relief, that upon payment of the senior incumbrance from the proceeds of the Clay county security the plaintiff be subrogated to the rights of Thompson under his mortgage on the land in Jefferson county to the extent necessary to satisfy the remainder due the plaintiff under his mortgage on the land in Clay county. The court denied the plaintiff any relief in this action, but gave a judgment of foreclosure upon the prayer of Thompson, who had appeared in the action, resisting the plaintiff's claim and demanding a foreclosure of his own mortgage. From this decree the plaintiff appealed to the supreme court, which held that the plaintiff was entitled to a decree subrogating him to the rights of Thompson (*Anthes v. Schroeder*, 68 Neb. 371), reversed the case and remanded it to the district court. The opinion in this case was filed April 9, 1903, and the mandate was received by the clerk of the district court on June 24, 1903.

At the inception of the above proceedings the title was in John Schroeder; but afterwards such conveyances were had that the record title passed to the defendant Elizabeth Schroeder, who died intestate February 16, 1903. On March 24, 1903, John Schroeder was appointed administrator, and appeared in the action, filing an answer to the plaintiff's petition, as such administrator. On the 25th day of January, 1904, the district court for Clay

county rendered its decree finding in favor of the plaintiff, subrogating him to the rights of the said Thompson by virtue of his mortgage on the Jefferson county land; finding the amount due upon the plaintiff's mortgage; authorizing and empowering him to proceed to foreclose the mortgage in Jefferson county for the satisfaction of his mortgage; and restraining Thompson from releasing or discharging upon the record the mortgage made to him. An appeal was taken from this decree to the supreme court, and the same was affirmed by an opinion filed June 8, 1905. *Anthes v. Schroeder*, 74 Neb. 172. Upon the affirmance of this judgment, the plaintiff brought this action in Jefferson county to enforce the mortgage to which he had been subrogated by the decree rendered in Clay county. This resulted in a decree in favor of the plaintiff, from which this appeal was taken by the defendant.

1. With this case there was submitted a motion to strike from the bill of exceptions the first 45 pages. It appears that the trial of the action was begun, and the testimony included in that portion attacked by this motion was taken, and the case submitted at the February, 1906, term of the Jefferson county district court, which adjourned *sine die* on June 8, 1906; that during that term, on May 24, the submission was vacated, and an amended petition filed, 15 days given for answer, and the case continued until the June term of the court, when the case was tried, and a decree entered June 20. At the latter hearing, we find that the court made an order permitting the defendant to offer all the testimony on the former trial, which we understand to mean the first 45 pages of the bill of exceptions. There was no exception nor objection to this order, and we think the motion should be overruled.

2. The plaintiff claimed the right to be subrogated to the lien of the mortgage made by the Schroeders to Thompson upon the Jefferson county land under the rule that, where there are several creditors having a common

debtor who has several funds, all of which can be reached by one creditor, and only a part of the funds by the others, the former shall take payment out of the funds to which he can resort exclusively, so that all may receive payment; and from the further rule, deduced from the foregoing, that in equity, if a prior creditor having security on two funds satisfies his demand out of the security or fund which alone is pledged to a junior creditor, and thereby exhausts that fund or security, equity will subrogate the latter creditor to the former lien upon that fund or security which is not exhausted. This contention of the plaintiff was fully sustained by this court in *Anthes v. Schroeder*, 68 Neb. 371, where, in the opinion by Holcomb, J., there is a full discussion of the question.

When this case was again before the district court, the defendant interposed the defense that prior to the execution of the mortgage upon the Jefferson county land to Thompson there was an oral agreement between Schroeder and Thompson that this mortgage was not given as security for the debt generally, but only for so much thereof as should remain unpaid and unsatisfied after exhausting the security in the Clay county land. This question was determined adversely to the defendants in the district court, and again upon appeal to this court in *Anthes v. Schroeder*, 74 Neb. 172, and would certainly be *res judicata* but for the fact that the defendant Elizabeth Schroeder, who held the fee in the land, died pending the appeal, and the defendant John Schroeder, who had been appointed administrator, was substituted for her in the district court. It appears that Elizabeth Schroeder died intestate, leaving heirs who are defendants in this action, but were not made defendants in the action above referred to. It is contended by these heirs that they are not bound by the decree in the Clay county case, but that the question must be considered as to these defendants upon the merits in this action. It is the settled doctrine of this court that a judgment rendered against a person after his death is reversible if the fact and time of

death appear on the record; or in error *coram nobis* if the fact must be shown *aliunde*. It is voidable, and not void, and cannot be impeached collaterally. *Jennings v. Simpson,* 12 Neb. 558; *McCormick v. Paddock,* 20 Neb. 486. But we have examined the evidence, and, in view of the conclusion we have reached as to the merits, it is not necessary to determine whether the heirs of Elizabeth Schroeder are in any degree concluded by the judgment of the Clay county case. The evidence does not establish the oral agreement alleged in the pleadings. The testimony of the witness Hutchins was in substance that he was afraid the Clay county land was not sufficient security for the loan of $7,000, and proposed that, if Mr. Schroeder would give a mortgage on the Jefferson county land in addition, and for the purpose of "backing up the loan" on the Clay county land, he would make it, and that Mr. Schroeder consented to this. Schroeder himself says: "We made the agreement then, if the Clay county land did not pay out, then he should have the right on this"; but he is discredited by his denial of the execution of the Jefferson county mortgage. On cross-examination, he denies its execution in the form produced in evidence, and insists that "it was a little piece of paper." This was far short of proving the agreement alleged, and the finding of the trial court should be sustained. But, if the oral agreement were clearly established against Thompson, we do not think it would affect the plaintiff's right to have the lien upon the Jefferson county land kept alive and enforced for his benefit after the satisfaction of the debt of Thompson from the Clay county land.

It is insisted that the Jefferson county mortgage was executed after the plaintiff's mortgage. We have carefully examined the evidence, and are satisfied that these mortgages took effect simultaneously. While the negotiations for the loan from Thompson were pending, the plaintiff held the title to the Clay county land, Schroeder having merely a contract with him for its purchase. It appears that, to enable Schroeder to make the loan from

Thompson, the plaintiff was to convey the fee to him and take back a second mortgage for the remainder of the purchase price, and that Schroeder was to use the money secured from Thompson to pay the remainder of the purchase price. These several conditions were interdependent, and no one could be carried out without the other, each instrument taking effect at the same time. Cases like the one at bar must be distinguished from those where a junior creditor pays off a prior incumbrance upon the same property, or where a surety discharges the debt of his principal. In the latter class of cases, the substitute acquires a right in the debt secured by the act of payment. In the former, the substitute is not required to pay the debt, and need acquire no interest therein. His right is to have the entire security held for his benefit, and it arises as one of the legal incidents of the transaction when he acquires his junior lien. From the principle that the law enters into and becomes a part of every contract, and that each contracting party is presumed to know the law, it follows that the defendant John Schroeder executed, and the plaintiff accepted, the second mortgage, with the full understanding that the plaintiff would be entitled to require Thompson to first resort to the Jefferson county land; or, in the event of Thompson's satisfying his claim out of the Clay county land, then that the mortgage on the Jefferson county land should stand as security for plaintiff's claim.

In our judgment, the decree of the district court should be affirmed, and it is so recommended.

JACKSON and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.