COOPER WAGON AND BUGGY COMPANY, APPELLANT, v. JOHN W. IRVIN ET AL., APPELLEES.

FILED MARCH 20, 1909.    No. 15,584.

**Mortgages:** FORECLOSURE: MARSHALING SECURITIES. The husband and wife mortgaged their homestead owned by the wife, together with other lots owned by the husband, to C. Afterwards they executed a second mortgage to the appellant on the lots owned by the husband. *Held,* That on a foreclosure of these mortgages a decree requiring C. to exhaust the property not embraced in

the homestead before selling the homestead estate was proper, and that the appellant had no cause of complaint, as a marshaling of securities is allowable only where the common debtor of two or more creditors is the owner of the several funds out of which payment is to be made.

APPEAL from the district court for Franklin county: ED L. ADAMS, JUDGE. *Affirmed.*

*Dorsey & McGrew,* for appellant.

*Albert R. Peck* and *H. W. Short,* contra.

DUFFIE, C.

John W. Irvin and his wife, Ida, made a mortgage to the defendant Cummings covering their homestead, to which the wife held the legal title, and certain other lots in the village of Franklin, the fee title to which was owned by the husband. Afterwards Irvin and wife made to the Cooper Wagon & Buggy Company a second mortgage which covered only the lots owned by the husband. It will thus be seen that the first mortgage to Cummings covered the homestead of the Irvin's, together with other real estate, while the second mortgage covered the real estate not included in the homestead. On foreclosure of these mortgages, the district court entered a decree giving Cummings the first lien upon the property covered by his mortgage, but directing that the lots other than the homestead property be first sold, and the surplus, if any, paid to the appellant on its lien. The Cooper Wagon & Buggy Company appeals from this decree, and insists that it is erroneous in not providing for a sale of all the property covered by Cummings' mortgage, which would, of course, leave a greater surplus to be applied in discharge of its lien. The appellees insist that the homestead right of the defendants Irvin is superior to the claim of the appellant, and that their homestead should not be sold unless necessary to satisfy the mortgage lien of Cummings.

56

The question presented was before this court in a slightly different form in *McCreery v. Schaffer,* 26 Neb. 173. The facts in that case and the law applicable are fully stated in the second paragraph of the syllabus, which is as follows: "If the husband and wife own a tract of land, a part of which is claimed as a homestead, and both execute a mortgage on the whole tract to secure a debt, and the husband afterwards executes a mortgage upon the part not covered by the homestead, to secure his debt, and judgments are rendered or filed in the district court against the husband, and the first mortgagee forecloses, making the other mortgagees and judgment creditors parties, the second mortgagees and judgment creditors cannot insist that the homestead be sold; and the decree will direct the part not covered by the homestead to be first sold, and, if the proceeds satisfy the first mortgage, that the homestead be reserved from sale. The second mortgagees and judgment creditors must rely on the surplus, if any, arising from the sale of the part not exempt from execution as a homestead."

If, where the title to all the mortgaged estate stands in the name of the husband, who is the sole debtor, a marshaling of securities will not be ordered in favor of a creditor who has a lien only upon that part of the mortgaged land not embraced in the homestead, the equities of the homestead claimant are much stronger where the title to the homestead stands in the wife, against whom the second mortgagee has no claim. In such a case it is probable that no marshaling of securities would be ordered or allowed by the court, regardless of the homestead character of part of the security, as it is a well-understood rule that a marshaling of securities cannot be claimed, except where both funds are in the hands of the common debtor of both creditors   *Lee v. Gregory & Perry,* 12 Neb. 282; *Citizens State Bank v. Iddings,* 60 Neb. 709. In the case we are considering the property which the appellant insists shall be sold is owned by the wife, while the debt secured by his mortgage is the debt of the

husband. The husband is not the owner of both tracts, and under the rule most favorable to the appellant a marshaling of securities could not be ordered.

The decree of the district court was the proper one to enter in the case, and we recommend its affirmance.

EPPERSON, GOOD and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.